## 29379. WIMBERLY v. THE STATE.

NICHOLS, Presiding Justice.

The appeal in this case results from a consolidated trial in which the defendant was convicted on four charges of rape and two charges of armed robbery. A motion for new trial was filed and overruled and the present appeal filed.

Each rape occurred in the early morning hours when the victim was either en route to, or waiting at a bus stop. In each case the assailant asked a question similar to "What time does the bus come?" In each case the assailant exhibited a pistol, forced the victim into a nearby wooded area, covered her eyes, removed or forced the victim to remove all clothing from the waist down, committed the rape and required the victim to count to a given number before removing the covering from her eyes.

The defendant was arrested when another alleged victim, who did not testify on his trial, recognized him in a shopping center and called the police. Prior to formal charges being made against the defendant in any of these cases, he was picked out of lineups by two of the four victims testifying in this case, his picture was selected from a group of six pictures exhibited to one victim and he was identified from a single picture exhibited to a fourth victim. The fourth victim had previously been shown photographs of other suspects.

1. The contention of the defendant that placing him in a lineup without counsel being present requires that the convictions be set aside is without merit. The defendant was not placed in any lineup after indictment. See Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411); *White v. State,* 231 Ga. 290, 294 (201 SE2d 436).

2. Where, as in this case, the victim who had identified the defendant from one picture had previously been shown other pictures for identification purposes and such witness' testimony showed without dispute that her identification of the defendant had an origin independent of the photograph of the defendant exhibited to her by police, the refusal to strike the victim's testimony was not error. Compare *Mathis v. State,* 231 Ga. 401 (6) (202 SE2d 73).

3. "Identity is a question for the trior of fact, and where a witness identifies a defendant (whether the identification be based on the defendant's eyes, clothes, hairline or some intangible factor not capable of description), the credibility of the witness making such identification is not to be decided by this court. See *Revill v. State,* 210 Ga. 139 (78 SE2d 12); *Johnson v. State,* 73 Ga. 107; *Gray v. State,* 6 Ga. App. 428 (4) (65 SE 191); *Kirby v. State,* 43 Ga. App. 102 (1) (158 SE 438)." *Strickland v. Mayor &c. of Athens,* 111 Ga. App. 280 (2) (141 SE2d 594). Accordingly, the contention that the testimony of the victim who first recognized the defendant in a lineup from his voice should be stricken is without merit.

4. The fact that the alleged victim who recognized the defendant, called the police and was therefore responsible for his arrest, did not testify on the trial of the case in nowise affects the validity of the conviction on the other charges against him. His arrest under these conditions was not illegal, but was based upon probable cause.

5. The remaining enumerations of error relate to the sufficiency of the evidence to support the verdict on the various charges alleged in the indictments. Any conflicts in the evidence between the witnesses for the state and the defendant, who testified under oath in his own behalf, were to be reconciled by the jury. The evidence authorized the verdicts and no error of law appearing, the convictions must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 8, 1974 — DECIDED NOVEMBER 26, 1974 — REHEARING DENIED DECEMBER 17, 1974.

*R. P. Herndon,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney,* for appellee.