71962. BRADLEY v. THE STATE.
71963. PORTER v. THE STATE.
(344 SE2d 772)

BANKE, Chief Judge.

The appellants, Lee Dell Bradley and Bernard M. Porter III, were jointly indicted, tried and convicted of two counts of armed robbery, following which they filed separate appeals to this court.

The victim testified that the two appellants came into his furniture store and held him up at gunpoint, taking $117 from the cash register and $150 from his wallet. The victim positively identified both appellants, testifying that Porter had held the gun on him while Bradley had taken his money. The victim had previously identified both appellants from photographic lineups arranged by a police detective. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find both the appellants guilty of armed robbery beyond a reasonable doubt, the credibility and probative value of the identification testimony being for the jury to determine. See *Wimberly v. State*, 233 Ga. 386, 387 (3) (211 SE2d 281) (1974). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980). However, the evidence did not establish the commission of two separate offenses by the appellants. "Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity, or an object such as a cash drawer." *Creecy v. State*, 235 Ga. 542, 544 (221 SE2d 17) (1975). Thus, where, as here, there is only one victim, who, by a single transaction is despoiled of property obtained from his person as well as other property obtained from his immediate possession, there is only one robbery. Id. It follows that the trial court erred in imposing sentences on both counts of the indictment, and the court is hereby directed to strike the sentences imposed on the second count of the indictment.

2. In a *pro se* brief and enumeration of errors, appellant Bradley makes several contentions, the first of which is that he received inadequate representation from his retained counsel. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

The only specific deficiency alleged by Bradley with respect to the legal representation he received in the court below concerns counsel's failure to file a motion to sever Bradley's prosecution from that of Porter, based on the fact that Porter had a long criminal record while Bradley did not. "There is no rule of law in Georgia that prejudice requiring reversal accrues to one defendant by virtue of being tried with a repeat offender. . . ." *Davis v. State*, 129 Ga. App. 796 (2), 802 (201 SE2d 345) (1973). Porter's criminal record could not, in any event, have prejudiced the jury against Bradley since it was never revealed to them.

Nor do we perceive any other basis upon which a motion for severance might have been grounded. The defendants did not present antagonistic defenses, and to the extent the evidence was stronger against one of them than the other, it was stronger against Bradley, who was positively identified by the victim's wife as well as by the victim, and who was shown to have been in possession of the pistol used in the robbery. See generally OCGA § 17-8-4; *Murphy v. State*, 246 Ga. 626, 629 (2) (273 SE2d 2) (1980). It follows that Bradley has made no showing that his conviction resulted from inadequate legal representation.

3. No error resulted from the court's failure to charge the jury with respect to any lesser included offense, as the evidence did not suggest the commission of any offense other than armed robbery. Accord *Hudson v. State*, 175 Ga. App. 692 (3) (334 SE2d 20) (1985); *Burley v. State*, 172 Ga. App. 34 (3) (b) (321 SE2d 783) (1984).

4. The voluntariness of Bradley's custodial statement to police was not at issue in that it was never introduced into evidence nor otherwise brought to the attention of the jury.

*Judgments affirmed with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 2, 1986.

*Daniel J. Craig*, for appellant (case no. 71962).
*Jacque Hawk, Victor Hawk*, for appellant (case no. 71963).
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, As-*

*sistant District Attorney*, for appellee.