A90A2257. JOHNSON v. THE STATE.
(404 SE2d 139)

BEASLEY, Judge.
Appellant was convicted of four counts of rape, two counts of kidnapping, four counts of robbery by intimidation, two counts of aggravated assault, and one count of criminal attempt to commit rape. There were four female victims on four separate occasions occurring

over a six-month period of time. Appellant enumerates as error the denial of new trial, to which he claims he was entitled as a matter of law because of ineffective assistance of trial counsel, under the Sixth and Fourteenth Amendments to the United States Constitution.

The course of the trial is necessary to a consideration of the asserted error.

The offenses were committed in the same geographical area, at or close to a certain store. Each victim testified that the perpetrator was approximately 6' to 6'2" tall, weighed approximately 190 to 220 pounds, and wore a ski mask. Each victim was raped and then robbed. Culpepper and Deloach did not see the face of their attacker and could not positively identify him. Boler and Lewis did see the face, and each identified Johnson as her attacker.

Defense counsel did not cross-examine Culpepper or Deloach.

After Boler testified on direct examination that she had identified appellant after viewing a line-up, defense counsel established on cross-examination that she had initially identified another individual in the line-up, although she later determined that appellant was the rapist. Counsel also established no fingerprint analysis had been made of Boler's pocketbook or of doorknobs and other furniture in her house, items which the assailant had touched.

Counsel extensively cross-examined Lewis as to her opportunity for viewing her assailant and her identification at the line-up.

A law enforcement officer and a police investigator testified that Boler and Lewis both identified appellant as their assailant in line-ups.

On cross-examination of the officer, counsel established that there was a notation in his incident report that Lewis had not identified appellant. He also established that Boler had picked out appellant and another individual named Walker whom the officer did not investigate.

In cross-examining the investigator, counsel elicited testimony that the officer was standing in the back of the room when Lewis identified appellant, explaining the notation in the incident report. However, the investigator had not made a written report and his testimony was based on recollection. Counsel also established that no legible fingerprints were found at the crime scenes and that Walker had also been a suspect. Cross-examination of this witness also revealed a statement appellant gave to the police in which he continually stated he was innocent and offered to take a lie detector test.

A State Crime Laboratory criminologist testified that a microscopic comparison of known pubic hairs taken from appellant and unknown pubic combings taken from Culpepper, Deloach, and Boler were indistinguishable, and that all of the combings exhibited a certain hair disease.

Counsel asked the witness whether the unknown hair samples could have been Walker's; the witness responded that Walker's hair samples had been examined and they were dissimilar. Counsel did establish that hair samples are not as accurate as fingerprints, that Caucasian hair samples taken from appellant's clothing were inconsistent with hair samples taken from the victims; that there was no fiber evidence; that fragments of Negroid limb or body hair taken from Boler's clothing had similarities and dissimilarities to appellant's hair samples; that DNA testing was not performed.

Appellant bases his ineffective assistance claim on the following omissions on trial counsel's part. He failed to call the woman with whom he lived as an alibi witness after an objection was made by the State and it was established that this witness had been watching the trial on a television monitor outside the courtroom. He only filed four pretrial motions: a demand for appellant's statements, a demand for scientific reports, a demand for a list of witnesses, and a *Brady* motion; the State filed a list of witnesses, but there is no response in the record to the other motions. No motion for bond appears of record. Counsel did not file a demand for speedy trial, even though appellant had requested that such a demand be filed. Counsel did not move to suppress evidence. Counsel did not call available character witnesses. Counsel did not move to sever the offenses against the different victims. One count of the indictment names no victim, and no demurrer was filed. Counsel did not file any written requests for jury charges.

A hearing was held on appellant's ineffective-assistance claim. Only appellant, and not trial counsel, testified at this hearing.

" 'The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland v. Washington,* [466 U. S. 668] (104 SC 2052, 80 LE2d 674) (1984). In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) 'that counsel's performance was deficient,' i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this 'deficient performance prejudiced the defense,' i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [466 U. S. at 687, 694]. 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Ibid." *Ford v. State,* 255 Ga. 81, 85 (8) (335 SE2d 567) (1985); *Richardson v. State,* 189 Ga. App. 113, 114 (375 SE2d 59) (1988).

Appellant has made no showing that the omissions charged to trial counsel were not reasonable under all the circumstances, i.e., that they constituted deficient performance. Nor does he show how he was harmed by any of the allegedly erroneous omissions, i.e., that, but

for the noted omissions, there is a reasonable probability that the outcome of the trial would have been different.

"No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would . . . restrict the wide latitude counsel must have in making tactical decisions." *Strickland v. Washington*, 466 U. S. at 688, supra. "Judicial scrutiny of counsel's performance must be highly deferential. . . . There are countless ways to provide effective assistance in any given case." Id. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690. "[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695.

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 27, 1991 —
REHEARING DENIED MARCH 14, 1991 — 

*Terry T. Everett*, for appellant.
*Edward D. Lukemire, District Attorney, Shelley S. Howard, Assistant District Attorney*, for appellee.