## A94A2493. WINN v. THE STATE.
(449 SE2d 667)

BIRDSONG, Presiding Judge.

Laurie Ann Winn appeals her conviction for shoplifting, and her sentence. The State's evidence showed that Winn entered the Jonesboro K-Mart in Clayton County and returned a small Emerson television which she had purchased one hour earlier at another K-Mart store. After receiving her refund of about $180, she was later seen in the garden shop adjoining the main store, with a small Emerson television and a word processor in her shopping cart. She was seen looking briefly at a plant which she did not buy; she then exited the garden shop and hastily proceeded into the parking lot. When accosted by the store security officer, she produced a receipt for another item but could produce no receipt for the television or the word processor. She then told the officer she had forgotten to pay for the items and became uncooperative, falling and screaming to avoid apprehension. Appellant produced a false name to police. Appellant produced witnesses at trial who testified that appellant had money in her purse to pay for the television, but neither witness was in the store with appellant.

She contends on appeal that the evidence is insufficient to support the verdict, that the trial court abused its discretion by imposing a ten-year sentence which was disproportionate to the crime committed and constitutes cruel and unusual punishment, and that the trial court erred in sentencing appellant to ten years after stating that she had become a "professional" shoplifter although there was proof of only one prior conviction for shoplifting. *Held*:

1. On appeal of a guilty verdict, the appellant no longer enjoys a presumption of innocence, for the jury has heard the evidence and judged its weight and the credibility of witnesses; the evidence is construed so as to uphold the jury's verdict, and on appeal we do not redetermine the factual issues decided by the jury nor the weight of the evidence, but we only determine its sufficiency under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737). We have examined the evidence and we find it sufficient to persuade a rational trier of fact of appellant's guilt of the crime of shoplifting, beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. The sentence was within the statutory limits set by OCGA § 16-8-14. We will not review for legal error any sentence which is within the statutory limits. Any question as to the excessiveness of such a sentence should be addressed to the sentence review panel as provided in OCGA § 17-10-6. *Hill v. State*, 212 Ga. App. 386, 390 (7) (441 SE2d 863).

3. The trial court's discretionary sentence of ten years after it

concluded appellant had become a "professional" shoplifter is, likewise, a question which does not address itself to our court. *Hill,* supra; OCGA § 17-10-6. We presume the trial court acted within the bounds of the law and based its sentence on the law and the evidence.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 2, 1994.

*Faye W. Hays,* for appellant.

*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney,* for appellee.