## A95A0364. PARHAM v. THE STATE.
(460 SE2d 78)

POPE, Presiding Judge.

Defendant Ronald Parham was convicted by a jury of felony theft by shoplifting for concealing two shirts in his pants at a Belk's department store in Savannah, Georgia. Defendant appeals from the trial court's denial of his amended motion for a new trial. We affirm.

Construed in a light most favorable to the jury's verdict, the evidence in this case demonstrates the following: On January 8, 1994, Chatham County District Attorney Investigator Glenn Kessler was working off-duty at Belk's as a security agent. Kessler was monitoring Belk's security cameras when he observed defendant enter the "Tommy Hilfiger" section of the store. While in that section of the store, defendant went into a dressing room carrying an article of clothing. When defendant exited the dressing room, however, Kessler noticed that defendant was not carrying the article of clothing. Consequently, Kessler turned on the surveillance camera located directly above defendant. Kessler then observed defendant take a wooden hanger with a shirt on it off a clothes rack. Defendant unbuttoned the shirt, took it off the hanger and began folding it into a small square. Subsequently, defendant reentered the dressing room carrying the shirt in his hand. Within approximately 25 seconds, defendant exited the dressing room, at which time, Kessler noticed a large bulge in the front of defendant's pants.

Kessler described the situation to two of Belk's security officers and two Savannah police officers who happened to be in the store. The security officers and police approached defendant and patted him down. When defendant began to struggle, he was placed on the ground and handcuffed by the police. Thereafter, security officer Raymond Woodberry pulled up defendant's shirt and removed two

"Tommy Hilfiger" shirts that were concealed inside of defendant's pants. At the time defendant was detained, he did not have any money or credit cards on him. According to Kessler, when the shirts were recovered the price tags were still on them. At trial, Kessler testified that the retail value of the shirts exceeded $100. Moreover, during the trial, a videotape of the incident and a photograph of the two shirts were admitted into evidence without objection. The videotape was played for the jury. Defendant presented no evidence.

1. Defendant contends that the evidence was insufficient to support his conviction. We disagree. "A person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment." OCGA § 16-8-14 (a) (1). Although defendant argues that the State failed to prove beyond a reasonable doubt that he had the intent to shoplift, "[w]hether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous. (Cit.) Foster v. State, 192 Ga. App. 720 (386 SE2d 383) (1989)." (Punctuation omitted.) Racquemore v. State, 204 Ga. App. 88 (418 SE2d 448) (1992). In this case, we hold that the evidence, as set forth above, was sufficient for a rational trier of fact to have found defendant guilty beyond a reasonable doubt of the offense of theft by shoplifting. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We reject defendant's contention that the State failed to prove that the value of the two stolen shirts exceeded $100, and that defendant was therefore improperly sentenced for felony theft by shoplifting. See OCGA § 16-8-14 (b) (2). "Value is established in a shoplifting case by showing 'the actual retail price of the property at the time and place of the offense.' OCGA § 16-8-14 (c)." Kowalczk v. State, 195 Ga. App. 714, 715 (2) (394 SE2d 594) (1990). In the instant case, Kessler specifically testified that at the time the shirts were recovered from defendant they still had their price tags on them. He further testified that the retail price of the first shirt was $92, and that the retail price of the second shirt was $59.50. Consequently, there was sufficient evidence in this case for the jury to have found beyond a reasonable doubt that the retail value of the two shirts was in excess of $100. See Warsham v. State, 200 Ga. App. 322 (3) (408 SE2d 122) (1991).

3. The trial court did not err in refusing to instruct the jury on criminal attempt, OCGA §§ 16-4-1 and 16-4-2, as a lesser included offense of theft by shoplifting. In the case at bar, the undisputed record evidence clearly shows that defendant concealed two shirts in his

pants while he was in Belk's. Therefore, the only issue remaining for jury determination, with regard to whether the crime of theft by shoplifting was completed, was whether or not defendant concealed the shirts "with the intent of appropriating [them] to his own use without paying for the same. . . ." See OCGA § 16-8-14 (a) (1). As stated in Division 1, there was sufficient evidence for the jury to find that defendant had the requisite intent to shoplift at the time he concealed the store's merchandise in his pants. If the jury had not found the requisite intent, it would have been required to acquit defendant. "Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense. *Hambrick v. State*, 174 Ga. App. 444 (2) (330 SE2d 383) (1985) and cits." *Peebles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229) (1990). See *Scott v. State*, 208 Ga. App. 561, 562 (2) (430 SE2d 879) (1993).

4. Finally, defendant contends that the trial court erred in denying his appointed counsel's motion to withdraw from the case. The record shows that on the day of trial, defendant informed the trial court that he wished to have his appointed counsel removed. The only reason given in support of this request was that defendant did not feel that appointed counsel "was defending [defendant] to the best of his ability." Defendant did not make any request that he be allowed to hire other counsel, nor did he indicate a desire to represent himself. "(While) all criminal defendants have a constitutional right to be defended by counsel of their own choosing whenever such counsel may reasonably be secured(,) . . . an indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court. . . . [(Citation and punctuation omitted.)] *Turner v. State*, 199 Ga. App. 836 (1) (406 SE2d 512) (1991)." *Chambers v. State*, 213 Ga. App. 414, 417-418 (4) (444 SE2d 820) (1994). Upon review of the record and trial transcript in this case we find no abuse of discretion on the part of the trial court.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED APRIL 17, 1995 —
RECONSIDERATION DENIED JULY 18, 1995 — 

*C. Jackson Burch,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney,* for appellee.