## A97A0402. BURDEN v. THE STATE.
(485 SE2d 228)

McMurray, Presiding Judge.

Defendant Romona Burden was charged in an accusation with theft by shoplifting and contributing to the deprivation of a minor. The evidence adduced at her jury trial revealed that on August 15, 1994, Melinda Davis was employed as the Loss Control Manager at the K-Mart on Commerce Avenue in LaGrange, Georgia. Connie Harris was the Layaway Manager. Davis was watching "a particular female[, defendant, who] had been in there earlier; [because Harris had been informed that] she [defendant] comes in there regular[; that] she takes a lot of clothes in the dressing room; and every time [defendant] leaves, [a floor manager or sales associate] goes in there behind her and picks up a bunch of hangers and a bunch of racks. And that particular morning [defendant] had been in the store." Around 4:00 p.m., Davis spotted defendant in the store, with "a lot of clothing in her buggy and she had a purse and a little boy with her." As defendant walked into the dressing room with several items, Davis "saw the purse still had the tags on it." Davis positioned herself behind the dressing room "and [she] heard the paper coming out of the pocketbook and the hangers hitting the floor. . . ." That paper is the "stuffing that goes into a pocketbook." When defendant came back out of the dressing room, "she ha[d] the purse on her shoulder and then she put[] it in the buggy and she [did not] bring — she [brought] maybe one or two items back out with her[, i.e., fewer] items than what she went in with." Davis sent Harris "into the dress-

ing room," while Davis herself "followed [defendant] up to the front of the store, keeping [defendant] in view the whole time. [Defendant] didn't get rid of nothing. She didn't discard nothing. She went to the checkout and bought a few small items. She proceeded out the front door, went out the front door on the sidewalk, and a car came up. . . ."

Davis approached defendant, identifying herself and displaying her loss control badge. When defendant "turned around and saw [Davis] and heard what [Davis] was saying, she got in the car [which sped off leaving her] little boy standing right there on the sidewalk." As Davis was approaching the car, "it sped off, [while defendant] was pulling stuff out that she had, like, rolled up under her pants." Davis saw defendant throwing clothing items and the purse "in the floorboard. . . ." Finally, after the car backed up, defendant "got out after she'd realized that [K-Mart associates had] taken her little boy inside." As an assistant took defendant inside, Davis "went over trying to get the stuff out of the car. And [she] didn't know who the guy was, but he just looked at me and said a few choice words or ugly words, and then he left and then went around the store." Davis "put a lookout on the vehicle, on the tag number."

Davis identified State's Exhibit 1 as a "K-Mart tag . . . [that] goes on a pocketbook. It came out of the dressing room with all that other stuff." When Davis found this tag, she "went over to this department where the purses are and got one off the shelf like the same one that she [defendant] had, and it's the same thing[, i.e., it matched]." A videotape showed defendant entering the dressing room carrying "the small purse [with which she entered the store] coming in and the big purse going out." Davis confirmed that this particular K-Mart store did not "have any kind of warning system at the door that if somebody leaves it will beep."

Connie Harris testified that, after defendant exited, she and a sales associate went "right in afterwards to see if anything was in the dressing room. . . . [They] found four or five clothes racks . . . and the empty paper and a little price tag off the purse." For sentencing purposes only, certified copies of three prior shoplifting convictions were introduced without objection.

Although acquitting defendant of contributing to the deprivation of a minor, the jury found her guilty of theft by shoplifting. She was sentenced to ten years for her fourth such offense, under OCGA § 16-8-14 (b) (1) (C). Defendant's motion for new trial was denied, and permission was granted to file this out-of-time appeal. *Held*:

1. The applicable standard of review for the sufficiency of the evidence in a *criminal* appeal is whether a rational trier of fact could reasonably find proof of every element of the offense beyond a reasonable doubt, as enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC

2781, 61 LE2d 560). In *Humphrey v. State*, 252 Ga. 525, 526 (1), 527 (314 SE2d 436), the Supreme Court of Georgia recognized that the "any evidence" standard no longer is the appropriate test in *criminal* appeals.

2. In two related enumerations of error, defendant urges only the general grounds.

"A person commits the offense of theft by shoplifting when he . . ., with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment." OCGA § 16-8-14 (a) (1).

We hold that the evidence adduced in the case sub judice was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of shoplifting as alleged in the accusation. *Parham v. State*, 218 Ga. App. 42, 43 (1) (460 SE2d 78); *Winn v. State*, 215 Ga. App. 120 (1) (449 SE2d 667).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 17, 1997 —
RECONSIDERATION DENIED APRIL 7, 1997 — 
 Before Judge Keeble.
*Kenneth D. Teal*, for appellant.
Romona Burden, *pro se*.
*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney*, for appellee.