## A97A1230. MORROW v. THE STATE.
(487 SE2d 669)

BIRDSONG, Presiding Judge.

Appellant Delshawn Leneal Morrow appeals his conviction of two counts of kidnapping, nine counts of possession of a firearm during the commission of a crime, two counts of aggravated sodomy, two counts of rape, three counts of armed robbery, one count of hijacking

a motor vehicle, and one count of carrying a concealed weapon. He enumerates two errors. *Held*:

1. Appellant contends the trial court erred in failing to sever for trial purposes the three separate and distinct series of events which constituted the subject matter of the charges against him. In denying appellant's motion to sever, the trial court held: "Considering all of the evidence the court finds that all these counts and/or offenses involve the same type of conduct to some extent, the series of acts connected together or series of acts constituting part of a single scheme or plan." The record reveals that the same pistol was in the possession of and was used by appellant, at some point in time, during the commission of one or more of the crimes against Carmela S., Margaret K., and Dan S. Although Carmela S. also was subjected to various sexual offenses, each of the victims was subjected to an armed robbery. The offenses against Carmela S. and Margaret K. occurred on the same day, Sunday. Appellant fled from the second robbery scene in a car he took from Carmela S. and thereafter left Margaret K.'s stolen purse in Carmela S.'s car. The following Sunday, Dan S. was subjected to armed robbery. Approximately three weeks later, Carmela S. observed appellant on the street and called the police. During the course of appellant's arrest, he was observed throwing under a car a weapon which had been concealed on his person. All three victims identified this weapon as the pistol which appellant had used against them. Further, appellant made a pretrial statement in which he admitted, inter alia, that on the day he was caught he was going to commit another robbery and then go back to Florida.

"Two or more offenses may be tried together if they. '(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.' [Cits.]" *Gober v. State*, 247 Ga. 652, 653 (1) (278 SE2d 386). "Where two or more offenses are joined only because they are of the same or similar character, the trial court, upon motion of the defendant, must order separate trials for each of the offenses. [Cit.] But when they are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, '. . . the court in the interest of justice *may* order that one or more of such charges be tried separately.' [Cit.]" (Emphasis in original.) Id.; compare *Matula v. State*, 264 Ga. 673, 675 (4) (449 SE2d 850). Moreover, " '[w]here . . . the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the motion for severance.' [Cit.]" *Dennis v. State*, 263 Ga. 257, 260 (6) (430 SE2d 742).

We agree with the trial court's findings in support of its denial of

appellant's severance motion. The offenses in this case were based on a series of acts connected together by the use of the pistol which appellant had concealed on his person just prior to his apprehension and, also, which arose out of a single scheme or plan to commit a series of crimes and then flee in safety to Florida. In regard to the former, evidence as to the type of weapon which appellant had concealed on his person during the course of his arrest would be admissible as to all other pending weapon possession charges, and the identification of the weapon by each of the three victims would be admissible during the proof of each of the weapon charges. OCGA § 24-1-1 (4). (The Georgia rule of relevancy generally favors the admission of any relevant evidence, no matter how slight its probative value; evidence of doubtful relevancy should be admitted and its weight left for jury determination. *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395).) " 'A court has wide discretion in severance motions.' [Cit.]" *Dennis,* supra at 259-260 (6). The record fails to support appellant's contention that the trial court abused its discretion in denying the severance motion. Compare id.; *Cooper v. State*, 253 Ga. 736, 737 (3) (325 SE2d 137); *Davis v. State*, 223 Ga. App. 346, 348 (2) (477 SE2d 639) and cases cited therein.

2. Appellant contends the trial court erred in failing to exclude appellant's pretrial statement from jury consideration. The trial court found and the record establishes that appellant was properly advised of, fully understood, and waived his *Miranda* rights before freely and voluntarily making the statement at issue.

However, appellant contends that only an incomplete version of appellant's oral statement was reduced to writing by the interrogating officer, and that the presentation of an incomplete version of the interrogation and responses, which is not a fair and accurate representation of what occurred during such interrogation, should be excluded from the jury's consideration. Appellant has failed to show in what particular respect the statements attributed to appellant were not fair or were inaccurate or misleading, and what particular exculpatory information, if any, was excluded from the statements preserved in writing. As a general appellate rule, an appellant must show both error and harm to prevail on appeal. *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901). Further, "[i]n determining the voluntariness of a confession, an appellate court may look to all the evidence contained in the record. [Cit.] The findings of a trial court as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous. [Cit.] Moreover, the fact that the statement may not have been a complete rendition of everything the appellant said to the police would affect only the weight to be accorded the statement by the factfinder and not its admissibility." *Robinson v. State*, 194 Ga.

App. 432, 433 (2) (390 SE2d 652); see *McGee v. State*, 260 Ga. 178 (3) (a) (391 SE2d 400) (no showing that an unrecorded segment of a taped statement contained exculpatory material). Considering the totality of the circumstances, we find that the trial court's determination was not clearly erroneous, and that there was no error in the admission of the statement.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED JUNE 16, 1997.

Before Judge Cowart.

*Walter E. Van Heiningen*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.