### A98A1604. ROBERTSON v. THE STATE.
(505 SE2d 849)

McMURRAY, Presiding Judge.

Defendant Robertson appeals his conviction of theft by shoplifting and his felony sentence imposed pursuant to OCGA § 16-8-14 (b) (1) (C). *Held*:

1. A stockroom person employed in a household goods retail establishment observed defendant enter the store. Some time later, the stock person determined that defendant's conduct was peculiar and positioned himself so as to better observe defendant's actions. The employee noted that defendant had a maroon bag which he did not recall him having when he came in. Also, the employee heard a rattling or cracking sound of plastic. Defendant left the store without paying for any merchandise, and the police were notified. The police arrested defendant and transported him back to the store where the maroon bag was found to contain merchandise from the store.

No issues were raised at trial and thus preserved for appellate review concerning the stockroom person's pretrial identification of defendant. "[A]ll evidence is admitted as a matter of course unless a valid ground of objection is timely interposed. *Scott v. State*, 206 Ga. App. 23, 26 (1) (424 SE2d 328)." *Moore v. State*, 215 Ga. App. 626, 627 (2) (451 SE2d 534). See also *West v. State*, 224 Ga. App. 190, 191 (2) (480 SE2d 238).

Defendant argues that his identification by the stockroom person lacks sufficient probative value to authorize his conviction. However, the identification testimony having been admitted without objection, it was for the jury to determine what probative value to assign it. *Wimberly v. State*, 233 Ga. 386, 387 (3) (211 SE2d 281); *Bradley v. State*, 178 Ga. App. 894 (1) (344 SE2d 772).

The evidence adduced at trial was sufficient to authorize a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt of the offense of theft by shoplifting. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See also *Burden v. State*, 226 Ga. App. 103, 105 (2) (485 SE2d 228); *Winn v. State*, 215 Ga. App. 120 (1) (449 SE2d 667).

2. There was no error in the imposition of the felony sentence. Three previous theft by shoplifting convictions are required to ele-

vate a misdemeanor theft by shoplifting offense to a felony. OCGA § 16-8-14 (b) (1) (C). Two of the three prior offenses submitted for this purpose by the State were resolved by defendant's plea of guilty on the same day. The sentences for these two offenses were to run concurrently, and defendant testified that the two pleas resulted from a common plea bargaining agreement.

Based on these circumstances, defendant contends that the two prior indictments resolved on the same day were consolidated for trial within the meaning of OCGA § 17-10-7 (d) and should be deemed to be only one conviction. However, substantially the same argument was submitted, and rejected by this Court, in *Mims v. State*, 225 Ga. App. 331, 332 (2) (484 SE2d 37). See also *Robinson v. State*, 232 Ga. App. 280 (2) (501 SE2d 536).

3. The indictment alleged that the merchandise taken by defendant consisted of a large number of specified kitchen utensils and a tote bag. Defendant contends that the trial court erred in denying his motion for directed verdict due to a fatal variance between allegata and probata in that the State failed to prove that the tote bag found in his possession was an item that the store sold. However, the factual premise of defendant's argument is incorrect. While there was no direct evidence that the tote bag was an item carried by the store and the store employee testified that he did not know whether the store carried such tote bags, nonetheless, an inference that the tote bag was store merchandise may be drawn from the employee's testimony that defendant did not have the tote bag with him when he entered the store. " ' "Where there is some evidence descriptive of the stolen property which is substantially conformable to the description alleged in the indictment, and nowhere contradictory thereof, the identity of the stolen property is a matter addressed peculiarly and solely to the jury, and in such case there is no fatal variance between the allegata and the probata. (Cit.)" (Cits.)' *Burkett v. State*, 133 Ga. App. 728, 731 (212 SE2d 870) (1975)." *Dunbar v. State*, 228 Ga. App. 104, 106 (1) (a) (491 SE2d 166).

4. In his remaining enumeration of error, defendant contends that the trial court erred in failing to give his requested charge on mistaken identity. Defendant requested the charge given in *Burke v. State*, 161 Ga. App. 407, 408 (288 SE2d 276). Instead, the trial court gave the pattern charge on identification and also instructed the jury as to the State's burden to prove defendant's guilt of the offense charged beyond a reasonable doubt.

"[T]here is no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime. *Micheli v. State*, 222 Ga. 361 (149 SE2d 803)." *Young v. State*, 226 Ga. 553, 557 (7) (176 SE2d 52). Defendant's argument, that this rule should be changed, does

not present an issue which we are free to consider since Supreme Court decisions are binding precedent which we are required to follow. Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI. See *Bell South Telecommunications v. Widner*, 229 Ga. App. 634, 636 (3) (495 SE2d 52).

Additionally, we note that, with the exception of a warning as to mistaken identification, the principles stated in defendant's request were included in the trial court's general charge. The trial court is not required to charge the exact language requested where the same principles are covered in the general charge. *Jones v. State*, 225 Ga. App. 673, 676 (3) (484 SE2d 702); *Elrod v. State*, 195 Ga. App. 571, 573 (6) (394 SE2d 548). This enumeration of error is without merit.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 1, 1998.

*Millard B. Morgan*, for appellant.

*Robert E. Keller, District Attorney, Verda Andrews-Stroud, Assistant District Attorney*, for appellee.

