## A98A1482. SCOTT v. THE STATE.
(506 SE2d 880)

Judge Harold R. Banke.

Darryl L. Scott was convicted of two counts of felony shoplifting. He enumerates three errors on appeal.

This case arose one morning at Hartsfield Airport when Scott entered W. H. Smith, Inc. ("W. H. Smith"), a retail establishment on Concourse E. Scott wore a brown and white striped shirt with an "A" embroidered on the back and carried a yellow W. H. Smith bag which appeared empty. The clerk watched Scott walk over to a sunglasses display, place some of them in his bag, and leave the store. She immediately reported the theft to the police.

About an hour later, Scott entered Better Golf, Inc. ("Better Golf"), on Concourse A, carrying the W. H. Smith bag. The clerk noticed Scott's shirt and the bag. Moments later, as Scott was leaving, the clerk observed that the bag looked fuller than when Scott had entered. The clerk asked to see the bag's contents and snatched the bag from him. Inside, he found two Michael Thomas golf shirts,

which were sold at the airport only by Better Golf, some sunglasses, and other items. Scott could not produce receipts for any of the articles. When Scott tried to leave the store without his merchandise, the clerk summoned the police. After Scott's arrest, the clerk from W. H. Smith identified two pairs of sunglasses taken from her store. *Held*:

1. Scott contends that he should have received a misdemeanor sentence due to the State's failure to establish the statutory amount required for felony sentencing. We disagree.

At the time of the offense, OCGA § 16-8-14 (b) (1) set the amount required for felony treatment at $100.[1] The clerk at W. H. Smith valued the sunglasses at $58 per pair. She testified that the sunglasses she identified still bore the price ticket from her store. The clerk from Better Golf valued each of the two Michael Thomas golf shirts at $115 and observed that the price tags were still on the shirts he retrieved from Scott. This testimony was sufficient to establish value. *Moncus v. State*, 229 Ga. App. 803, 804 (1) (a) (495 SE2d 118) (1997). While the price tag of the merchandise taken or a copy thereof may be used to prove value, testimony on that issue will also suffice if the witness has an opportunity to form a correct opinion on the matter. Id.; OCGA § 16-8-14 (c). We have routinely permitted store employees who were familiar with the items taken to establish their value. *Moncus*, 229 Ga. App. at 804 (1) (a); see *Parham v. State*, 218 Ga. App. 42, 43 (2) (460 SE2d 78) (1995). Notwithstanding Scott's contention to the contrary, the evidence that both clerks worked at the stores and recalled the price tags on the items taken was sufficient to establish the requisite familiarity. See id.

2. Scott argues that his trial counsel was ineffective for failing to seek severance of the two counts. We disagree.

To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and but for the deficiency there was a reasonable probability the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Review of counsel's performance, however, must be highly deferential. *Rogers v. State*, 195 Ga. App. 446, 448 (2) (394 SE2d 116) (1990). Tactical errors do not constitute ineffective assistance. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994).

"The decision whether to file a motion to sever is a matter of trial tactics." *Pierre v. State*, 223 Ga. App. 43, 44 (1) (476 SE2d 829) (1996). This rule is particularly germane where, as here, it appears that the

---

[1] Although, as Scott asserts, this amount was subsequently increased, the change did not become effective until long after Scott's trial. Ga. L. 1998, p. 578, § 2.

parties' agreement to consolidate the accusations was made in conjunction with a decision not to present similar transaction evidence. We also note that in this case, where the crimes were temporally linked and based on essentially the same conduct, severance was not mandatory. *Smith v. State*, 225 Ga. App. 553 (1) (484 SE2d 515) (1997); see *Morrow v. State*, 226 Ga. App. 833, 834 (1) (487 SE2d 669) (1997). Moreover, Scott has done no more than raise the possibility that separate trials on the charges would have given him a better chance of acquittal. Id. This was insufficient to satisfy his burden of establishing the requisite prejudice. See *Johnson v. State*, 199 Ga. App. 67, 69-70 (404 SE2d 139) (1991).

3. We must reject Scott's contention that the evidence was insufficient to establish that he committed the crimes. The clerk at W. H. Smith actually saw Scott slip the sunglasses into the yellow bag. She was able to describe his attire to the police notwithstanding her inability to give an in-court identification. The clerk at Better Golf observed an identically clothed man walk into his store with a practically empty bag and attempt to leave with it full. He stopped Scott, who attempted to flee. At the time Scott was arrested, the clerk noticed that the area where the Michael Thomas shirts were displayed, which he had tidied before Scott arrived, was in disarray. He unequivocally identified Scott as the shoplifter during trial. Both clerks identified the merchandise taken and testified it was sold in their stores. This evidence, viewed in the light most favorable to the verdict, was sufficient to permit the jury to find each element of the crimes. OCGA § 16-8-14 (a) (1); *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979); *Burden v. State*, 226 Ga. App. 103, 105 (2) (485 SE2d 228) (1997).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 15, 1998.

*Lloyd J. Matthews*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.