## A03A1329. BELL v. THE STATE.
### (586 SE2d 455)

ANDREWS, Presiding Judge.

A Gwinnett County jury found Eddie Cobb Bell guilty of felony theft by shoplifting. On appeal, Bell claims that the trial court erred in allowing hearsay testimony as to the value of the goods taken. He also claims the evidence was insufficient to support the verdict. We disagree and affirm.

Viewed in a light most favorable to support the verdict, the evidence shows that a security camera at a J. C. Penney store recorded Bell removing items from hangers, kicking them under the racks, and putting the merchandise in a bag he pulled out of his pocket. Bell left the store without paying for the items. Two J. C. Penney security agents confronted Bell after he left the store. Bell refused to come back in the store and then fled, leaving the bag of merchandise behind. Police caught Bell and brought him back to the store for identification by the security agents.

Nick Clark, one of the security agents, took an inventory of the stolen property and prepared a report as he did in every shoplifting incident. He identified each item that was taken and listed the item and the price of that item on a written report. Clark determined the price of each item by asking a sales associate to "ring it up" on the cash register and contemporaneously recorded the price on the report. According to Clark, Bell stole four jackets, a pair of pants, and three shirts, and the total retail price of the merchandise was $675.66. Although Bell contends that there is evidence that J. C. Penney was running a sale on the day of the theft, Clark testified that he was unaware of the sale and that if an item was on sale, it would be reflected by the cash register.

A person commits theft by shoplifting when he conceals or takes possession of the goods or merchandise of any store or retail establishment with the intent of appropriating the merchandise to his own use without paying for the same. OCGA § 16-8-14 (a) (1). The offense is punished as a misdemeanor if the value of merchandise taken is $300 or less. OCGA § 16-8-14 (b) (1). The offense is a felony if the

value of merchandise taken is greater than $300. OCGA § 16-8-14 (b) (2). "In all cases involving theft by shoplifting, the term 'value' means the actual retail price of the property at the time and place of the offense. The unaltered price tag or other marking on property, or duly identified photographs thereof, shall be prima-facie evidence of value and ownership of the property." OCGA § 16-8-14 (c).

Bell claims the trial court erred by allowing hearsay testimony as to the value of the stolen merchandise. He argues that the State did not come forward with prima facie evidence of value, and that Clark had no personal knowledge of the value of the stolen property. In *Wilkerson v. State*, 246 Ga. App. 621 (540 SE2d 303) (2000), we noted that if a witness had testified that his determination of the value of stolen shoes "was based solely on documents examined by him but prepared by others, we agree that his testimony would have been objectionable on the ground of hearsay." Id. at 622 (1). Bell contends that the case at bar is such an instance because Clark, who had no knowledge, experience, or familiarity with the goods, simply copied down the prices as an unnamed sales associate rang the items through the register. We disagree.

Clark had personal knowledge of the actual retail price of each item. In *Parham v. State*, 218 Ga. App. 42 (460 SE2d 78) (1995), we found that evidence of valuation was sufficiently proven by the testimony of a Belk's security agent that the stolen items had price tags on them and that the retail prices of the items were $92 and $59.50. Id. at 43 (2). The pricing information shown by the cash register here is not conceptually different from the price tags considered in *Parham*. Clark saw and recorded the actual retail price, and the trial court did not err in letting him testify as to his personal knowledge of that price. See also *Scott v. State*, 234 Ga. App. 378, 379 (1) (506 SE2d 880) (1998).

Bell also contends that the evidence was insufficient for a rational trier of fact to find him guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). He shows that the jury was asked to consider both felony shoplifting and misdemeanor shoplifting, and that without any admissible testimony as to the value of the goods stolen that the jury was not authorized to convict him of felony shoplifting. This argument fails, however, in view of our finding that the trial court properly allowed Clark's testimony as to the actual retail price of the stolen merchandise.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED AUGUST 18, 2003.

*Robert R. McNeill*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.