## A09A1026. RASZEJA v. THE STATE.
### (680 SE2d 690)

MIKELL, Judge.

Following a bench trial, Melissa Lynn Raszeja was convicted of theft by shoplifting. The court sentenced her to ten years, with three years to be served in confinement and the balance on probation. On appeal, Raszeja challenges the sufficiency of the evidence and contends that the trial court erred (1) in failing to compel obedience to a subpoena; (2) in violating the rule of sequestration; and (3) in sentencing her too harshly. We disagree and affirm.

> On appellate review of a criminal conviction following a bench trial, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

So viewed, the evidence shows that on August 11, 2007, Raszeja visited a Wal-Mart store in Fitzgerald and spent six hours shopping, some of that time with her eight-year-old son. Raszeja took two shopping carts to the self-checkout lane and proceeded to scan and bag the merchandise in her cart. An employee stopped Raszeja when she attempted to leave the store with unpaid merchandise. Manager Tammy Alexander and assistant manager Ingrid Stewart escorted Raszeja to the store's security room and went through the items in her shopping bags. Alexander testified that Raszeja had paid for some items in her shopping bags but not others, and that she observed Raszeja put fake bar-code labels on some items so that they would ring up for less than they actually were priced. Alexander explained that as she and Stewart went through the merchandise, a cashier scanned each item that was not paid for and that the receipt for the unpaid items (State's Exhibit A) totaled $312.14. According to Alexander and Stewart, the unpaid items included two dog fences priced at $99 apiece.

At trial, Raszeja admitted to switching bar-code labels and taking some items, including one dog fence, but denied taking two dog fences. Raszeja testified that she suffers from multiple sclerosis and that she stole from Wal-Mart in order to pay for her medication.

1. Raszeja contends that the evidence was insufficient to support

---

[1] (Footnote omitted.) *Whitehead v. State*, 295 Ga. App. 562, 563 (1) (672 SE2d 517) (2009).

her conviction because the state never laid a foundation for Exhibit A; the photographs of the unpaid merchandise were blurry; and there was no detailed police report of the stolen items because Alexander and Stewart examined Raszeja's shopping cart before police arrived on the scene. Essentially, Raszeja is contending that there was insufficient evidence of the value of the merchandise to sustain the felony sentence. We do not agree.

> A person commits theft by shoplifting when he conceals or takes possession [or alters the price tag or other price marking] of the goods or merchandise of any store or retail establishment with the intent of appropriating the merchandise to his own use without paying for the same. The offense is punished as a misdemeanor if the value of merchandise taken is $300 or less. The offense is a felony if the value of merchandise taken is greater than $300.[2]

At trial, defense counsel sought to prove that Raszeja took only one dog fence and objected to Exhibit A on the ground that Alexander did not personally ring up the items listed. The evidence presented at trial, however, disputed defense counsel's theory. Both Alexander and Stewart testified that Raszeja had several unpaid items in her shopping cart, including two dog fences, priced at $99 apiece. And, Alexander explained Wal-Mart's procedure for checking suspected stolen merchandise and testified that she followed that procedure by setting the register in "training mode" and observing a cashier scan each item of unpaid merchandise. Finally, although Alexander never stated that Exhibit A was a "receipt," she testified that it was a list of unpaid merchandise, totaling $312.14.

Alexander had personal knowledge of the stolen items and observed a cashier record the price of every unpaid item in Raszeja's shopping cart. Moreover, both Alexander and Stewart had personal knowledge of the actual retail price of the dog fences. In theft cases such as this, store employees who are familiar with the items taken are routinely allowed to establish their value.[3] "Notwithstanding [Raszeja's] contention to the contrary, the evidence that both clerks worked at the stores and recalled the price . . . [of] the items taken was sufficient to establish the requisite familiarity"[4] and thus the value of the merchandise.

2. Raszeja contends that the trial court erred in failing to compel

---

[2] *Bell v. State*, 262 Ga. App. 788-789 (586 SE2d 455) (2003), citing OCGA § 16-8-14.

[3] *Scott v. State*, 234 Ga. App. 378, 379 (1) (506 SE2d 880) (1998). See also *Bell*, supra at 789.

[4] (Citation omitted.) *Scott*, supra.

production of the original photographs of the unpaid merchandise in response to her subpoena. Raszeja has waived this asserted error by failing to move to compel production of the original photographs or to object to admission of the copies.

The trial court has the power to enforce compliance with a subpoena.[5] The record reflects that Raszeja served subpoenas for the production of photographs on Alexander and Stewart, as Wal-Mart's agent; Raszeja, however, never asked the trial court to compel production of the original photographs. Defense counsel merely stated that the best evidence rule required production of the original photographs and then indicated that the defense would proceed with the copies. Moreover, the record reflects that Raszeja never subpoenaed Wal-Mart's loss prevention officer, who maintained the photographs, and did not seek a continuance to do so.[6]

3. Raszeja next contends that the trial court improperly allowed Alexander to testify because she had violated the rule of sequestration by being present in court when the arresting officer testified. The record reflects that the state sought to invoke the rule of sequestration and then called Alexander as its first witness. After Alexander testified, the state called the arresting officer Michael Brooks. On cross-examination, defense counsel asked Brooks the difference between misdemeanor theft by shoplifting and felony theft by shoplifting. Brooks responded, "over $300" and could not recall whether he mentioned that amount to Alexander and Stewart. After Brooks's testimony, the trial court allowed the state, over objection, to recall Alexander to the stand, noting that the case was a bench trial. On redirect, Alexander testified that the three receipts in Exhibit A totaled $312.14. Raszeja contends that without this testimony, there was no evidence that she took over $300 worth of merchandise. This argument has no merit. When the state introduced Exhibit A during Alexander's initial testimony, the amount of stolen retail goods totaled $312.14; when the state recalled Alexander to the stand after Brooks's testimony the total remained $312.14. Given this, we fail to see how Brooks's testimony had any influence on Alexander's testimony.

Even if we were to assume that the rule was violated, there would be no reversible error. A violation of the rule of sequestration goes to the credibility of a witness rather than the admissibility of that witness' testimony.[7]

4. Raszeja last contends that the trial court erred in sentencing

---

[5] See OCGA §§ 24-10-25; 15-1-3.

[6] See *Najmaister v. State*, 196 Ga. App. 345, 347-348 (4) (396 SE2d 71) (1990).

[7] See *Johnson v. State*, 258 Ga. 856, 857 (4) (376 SE2d 356) (1989).

her too harshly. She argues that the sentence should have been more lenient given that she had no prior criminal convictions; the evidence of guilt was not overwhelming; and she suffers from multiple sclerosis and is in deteriorating health. Raszeja also contends that the trial court was influenced by the following comment during the state's closing arguments: "I've never seen a public defender's office work this hard for [a] shoplifting case. And I don't know what it is; I don't know if it's because she's a cute white girl." Raszeja claims that because the trial court did not admonish the prosecutor or acknowledge the improper conduct, it was clearly influenced by the inflammatory comment.

The maximum sentence for felony theft by shoplifting is ten years.[8] The trial court imposed a sentence within the statutory limits. And, "[t]his court will not disturb a sentence within the statutory limits."[9] As for Raszeja's health, we note that the record reflects that the trial court considered this factor, noting that incarceration may be "a blessing" because the state could take care of her medical needs, the reason that Raszeja gave for stealing in the first place. "In the absence of any affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing [Raszeja's] sentence."[10]

As for the alleged improper comment, Raszeja has not established that the trial court was influenced by the prosecutor's statement in fixing the sentence. In any event, Raszeja has waived this issue on appeal by failing to request that the trial court disregard the comment or admonish the prosecutor.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 2, 2009.

*Clinton L. Lott IV*, for appellant.
*Denise D. Fachini, District Attorney, Deshala D. Bray, Assistant District Attorney*, for appellee.

---

[8] OCGA § 16-8-14 (b) (2).
[9] *Scott v. State*, 240 Ga. App. 586, 588 (3) (524 SE2d 287) (1999).
[10] (Citation and punctuation omitted.) *Marshall v. State*, 294 Ga. App. 282, 284 (2) (668 SE2d 892) (2008).