**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 10, 2014**

# In the Court of Appeals of Georgia

A14A0248. MENDEZ v. THE STATE.

MILLER, Judge.

Following a bench trial, Robert Mendez was convicted of one count of felony theft by taking (OCGA §§ 16-8-2; 16-8-12 (2011)) and sentenced to ten years, with twelve months to serve in custody. On appeal of the denial of his subsequent motion for new trial, Mendez contends that there was insufficient evidence of the value of the stolen merchandise and that his trial counsel was ineffective. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence at trial shows that on August 27, 2011, Mendez entered the wireless center at the front of a Walmart store in Dawsonville, Georgia. Mendez viewed a Blackberry Torch cell phone, pulled

---

[1]*Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

the cord out, placed the phone in his pocket, and then walked out of the store without paying for the phone. In October, another phone was taken from the wireless center, and Walmart's loss prevention officer asked the wireless display clerk to alert her if Mendez returned to the store. Subsequently, Mendez returned to the Walmart store to cash a check. In November, Walmart's loss prevention officer turned Mendez's name and address over to police, along with surveillance video from the parking lot showing Mendez's vehicle, which had a distinctive paint job. A police officer stopped Mendez in his vehicle that day, and found both stolen cell phones in the possession of Mendez's passenger.

1. On appeal, Mendez argues that there was insufficient evidence of the value of the stolen merchandise to sustain his felony conviction for theft by taking. We disagree.

The appropriate standard for reviewing the sufficiency of the evidence in a criminal case is whether, construing the evidence in favor of the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson*, supra, 443 U.S. 307. The appellate court reviews the sufficiency of the evidence, not its weight or credibility. *London v. State*, 235 Ga. App. 30, 31 (508 SE2d 247) (1998).

At the time of Mendez's offense, theft by taking was punished as a misdemeanor, unless the stolen property exceeded $500 in value, in which case the offense was a felony.[2] OCGA § 16-8-12 (a) (1) (2011).

> While the price tag of the merchandise taken or a copy thereof may be used to prove value, testimony on that issue will also suffice if the witness has an opportunity to form a correct opinion on the matter. We have routinely permitted store employees who were familiar with the items taken to establish their value.

(Citations omitted.) *Scott v. State*, 234 Ga. App. 378, 379 (1) (506 SE2d 880) (1998). See also *Pippin v. State*, 166 Ga. App. 658, 659 (305 SE2d 408) (1983) (employee's testimony as to the value of stolen equipment was sufficient because employee had knowledge, experience, and familiarity with the value of the property in question). Store employees may obtain personal knowledge and familiarity with the price of store items based on price tags, or by "ringing up" the item at the cash register. *Bell v. State*, 262 Ga. App. 788, 789 (586 SE2d 455) (2003).

---

[2] We note that even if the State had failed to present evidence showing that the stolen item was valued at more than $500, such failure would not have entitled Mendez to an acquittal, but would have gone merely to the issue of punishment. See *Moncus v. State*, 229 Ga. App. 803, 804 (1) (a) (495 SE2d 118) (1997).

Here, the subject matter of the theft by taking charge is the Blackberry Torch cell phone. At trial, Walmart's loss prevention officer testified that Walmart's system listed the Blackberry Torch cell phone at $700 and that, although she did not observe the price tag on the particular phone that Mendez took, the price tag should match the list price. Thus, Walmart's loss prevention officer had personal knowledge of the price of the phone. *Bell*, supra, 262 Ga. App. at 789. Accordingly, her testimony as to the price of the phone was sufficient to support Mendez's felony conviction. See, e.g., *Scott*, supra, 234 Ga. App. at 379 (1); *Moncus v. State*, 229 Ga. App. 803, 804 (1) (a) (495 SE2d 118) (1997) (store employees who are familiar with the item taken are competent to testify to item's value).

2. Mendez also contends that his trial counsel was ineffective for failing to object to hearsay testimony as to the list price of the phone. We discern no error.

> To establish a claim of ineffective assistance of counsel, [Mendez] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. There is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment. Moreover, a trial court's finding that a defendant has been afforded effective

4

assistance of counsel must be upheld unless that finding is clearly erroneous.

(Citation, punctuation and footnote omitted.) *Owens v. State*, 271 Ga. App. 365, 369-370 (5) (609 SE2d 670) (2005).

At the motion for new trial hearing, the trial judge found that Walmart's loss prevention officer was credible, that she was qualified to provide her opinion as to the value of the phone, that the evidence she presented as to the value was admissible, and that any objection to her testimony to that fact would not have been sustained. As discussed above, the loss prevention officer's testimony as to the price of the phone was admissible. Trial counsel was not ineffective for failing to make a meritless or futile objection. *Owens*, supra, 271 Ga.App. at 370 (5). Accordingly, the trial court did not err in denying Mendez's motion for new trial based on his claim of ineffective assistance of counsel.

*Judgment affirmed. Doyle, P.J. and Dillard, J. concur.*