## 52599. TAYLOR v. THE STATE.

BELL, Chief Judge.

Defendant was convicted at a joint trial with two co-defendants of two counts of theft by taking. *Held:*

1. The trial court made a preliminary explanatory statement of procedural aspects of jury selection to the assembled jury panel which included the following sentence: "Let me introduce you to the people you will see and *hear from* and maybe ask about. . ." At which point the defendants were introduced as well as their counsel. No objection or motion for mistrial was made. Now it is urged that this remark placed a burden on defendant to testify by inferring that he would take the stand and testify in his own defense and raised an expectation in the minds of the jury that defendant was required to testify and defend his innocence. This innocuous statement which has been taken out of context from a lengthy statement to the jury panel is not subject to that construction. Cf. *Blair v. State,* 230 Ga. 409 (6) (197 SE2d 362). Further even if it was error, there was a waiver in the absence of an objection or motion for mistrial. *Shepherd v. State,* 203 Ga. 635 (2) (47 SE2d 860).

2. Defendant complains that he was denied 20 peremptory challenges granted to him by Code § 59-805. The record shows that the trial court granted the three defendants twenty-one peremptory challenges, or seven apiece. Defendant was not entitled to 20 peremptory challenges. Code § 27-2101 as amended, which must be construed in pari materia with Code § 59-805, allows only a total of 20 peremptory challenges to two or more defendants when tried jointly. *Allen v. State,* 235 Ga. 709 (221 SE2d 405). This statute grants the trial court the discretion on request to allow additional strikes, not to exceed five for each defendant. Here there was no request for any additional challenges by the defendants and in fact they agreed to the trial court's allowance to them of the twenty-one collective challenges.

3. The testimony of the victims of the thefts and the testimony of police officers very clearly established that the crimes were committed in Fulton County as alleged in the indictments. The claim that venue was not proven is

meritless.

4. The court charged the jury that ". . . where separate items of theft are charged in the indictment, or when a certain value of items of theft are charged in the indictment, the State is not compelled to prove the theft of every one of such items or to prove an aggregate amount of value for items the subject of a theft." This charge is a correct statement of the law and in no manner shifts the burden of proof to defendant. *Hagood v. State*, 5 Ga. App. 80 (62 SE 641).

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 20, 1976 — DECIDED OCTOBER 26, 1976 — REHEARING DENIED NOVEMBER 16, 1976 —

*Thomas E. Spraley,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald Frost, Assistant District Attorneys,* for appellee.