## 62464. BROWN v. THE STATE.

Sognier, Judge.

Appellant was convicted of attempted shoplifting. On appeal he contends the trial court erred by denying his motion for a directed verdict of acquittal.

The evidence discloses that appellant and three other persons entered a sporting goods store in Athens. After looking around for about 30 minutes in the gun section, three of the four persons left through the front of the store. The store owner's daughter, Kim Franklin, noticed that appellant did not leave with them; she also noticed that a shotgun sitting by the emergency exit was missing. Ms. Franklin went out the emergency exit and saw appellant stepping over a railing into the parking lot with the missing shotgun in his hand. Ms. Franklin screamed, and appellant stated he was not trying to steal the shotgun, but was just sighting it. Although customers occasionally take a gun or a gun scope outside to check in proper lighting, they are not allowed to do so without permission of an employee and appellant had neither sought, nor obtained, permission to take the shotgun outside. The retail value of the gun was between $210 and $250, although it had just been purchased (used) by the store owner that morning and had not been cleaned and marked for sale at the time of this incident.

Code § 27-1802 (a) authorizes a trial court to direct a verdict of acquittal "[w]here there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal or 'not guilty' . . ." Although there was no conflict in the evidence in this case, the evidence did not demand a verdict of acquittal, as there was evidence from which the jury could infer that appellant was attempting to take the shotgun without paying for it. Hence, the trial court did not err in overruling appellant's motion for a directed verdict of acquittal. *Robinson v. State,* 150 Ga. App. 642 (1) (258 SE2d 294) (1979).

Appellant contends that because the shotgun had not been priced and had no retail value when it was taken, the state failed to prove an essential element of the offense. However, we have held that the value of the alleged stolen item is relevant only for the purpose of distinguishing between a misdemeanor and a felony, and where any evidence of value can be shown, a conviction for shoplifting can be upheld. *Drinkard v. State,* 155 Ga. App. 638 (1) (271 SE2d 889) (1980). The same rule would be applicable in an attempted shoplifting case. Accordingly, the enumeration of error is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 3, 1981.

*C. P. Brackett, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook., Jr., Assistant District Attorney,* for appellee.