## 66626. THOMAS v. THE STATE.

BIRDSONG, Judge.

Sharon Lynne Thomas was convicted of theft by taking (shoplifting) and sentenced to twelve months. She brings this appeal enumerating as the sole alleged error an insufficiency of the evidence to support the verdict of guilty. *Held:*

The facts show and, when viewed in a light most favorable to the conviction (*Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894)), were sufficient for the jury to believe that a variety department store security officer observed through an elevated one-way mirror the appellant enter the store with her small child and another adult woman. The two women and the child proceeded to the menswear department. Appellant stood in such a position that she either deliberately or inadvertently obstructed the view of an observer as to the actions of the other woman. The security officer observed the second woman making movements with her hands and arms which were fully consistent with the removal of wearing apparel from the racks and placing them under a long coat being worn by the second woman. The two women and the child then left the store.

The security officer stated that though she believed a theft was occurring, she could not physically see clothes being taken and

elected not to confront the suspects. A few minutes later, the woman the security officer had observed acting as though clothes were being secreted beneath her coat, reentered the store and returned to the men's department. On this occasion the appellant was not in the store. However, on this second occasion, the security officer had no difficulty observing the thief remove shirts and other clothing from the racks and place the objects beneath her coat. The woman then left the store without paying for the merchandise. The security officer accosted the woman outside the store and asked the woman to return to the store. A struggle ensued, several shirts fell to the ground, the security officer was struck, and the woman broke away and entered a green car being driven by the appellant, Thomas. The security officer was certain in her identification of Thomas. The license number was obtained as the car drove away, and appellant was determined to be the registered owner. She was apprehended at her home, but none of the merchandise was ever recovered. Following an appropriate charge on the law of aiding and abetting, the jury returned a verdict of guilty. The other woman though identified was never apprehended. In contradiction to the state's evidence, Thomas admitted being present in the store but not at the same time as the alleged thief. Thomas further admitted driving the second woman to the store but denied having any knowledge of any stolen clothes or being aware that the other woman did or intended to take any clothing.

Whether in a given case circumstances are sufficient to exclude every reasonable hypothesis except the guilt of the appellant is ordinarily a jury question. An appellate court has no yardstick to determine what in a given case is a reasonable hypothesis except to rely on the informed and weighed conclusions of twelve intelligent jurors. In this case, the jurors observed and heard the witnesses, and were better qualified to judge the reasonableness of an hypothesis raised by evidence or its lack than is this court which is restricted to consideration of issues of law. *Estep v. State,* 154 Ga. App. 1 (267 SE2d 314). If the jury is authorized by the evidence to find appellant guilty, the appellate court will not disturb the finding, unless the verdict of guilty is unsupportable as a matter of law. *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643). In our view of the evidence, we must and do conclude that any rational trier of fact could reasonably have found beyond reasonable doubt that Thomas was a part and parcel of the theft of the clothing, aiding and abetting the actual thief by acting as a screen and lookout and subsequently aiding the thief's escape. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). We find no merit in the single enumeration of error.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 20, 1983.

*John Fleming,* for appellant.
*Gayle B. Hamrick, Solicitor, Michael C. Eubanks, Assistant Solicitor,* for appellee.