## 71473. GREEN v. THE STATE.
(338 SE2d 761)

DEEN, Presiding Judge.

Joe Robin Green was convicted of theft by shoplifting and appeals following the denial of his motion for a new trial. The evidence showed that Green entered W. C. Barnes Hardware Store through the lower entrance while the store manager was in the upper end of the store talking to a deputy sheriff and watching the lower entrance. When he saw appellant enter, he approached and asked if he could assist him. Appellant declined the offer, and the manager returned to the upper end of the store to resume his conversation with the deputy. Shortly thereafter the manager saw appellant walk out the lower entrance carrying a lamp box that he had received earlier in the day from a parcel delivery service. The box had not been opened because it contained a lamp for the manager's wife, and he had left it near the lower entrance for her to pick up. The manager informed the deputy that appellant had taken his lamp, and they pursued him across the highway in front of the store and across the parking lot. Appellant was apprehended, escorted back to the store, and arrested. The manager looked in the box, and instead of the lamp, he discovered five pairs of western boots. The store manager found the missing lamp at the end of the boot display rack and noticed that five pairs of boots were missing from the rack. Appellant denied entering the store, but admitted that he had taken the box. He claimed that he needed a box in which to store aluminum cans, saw a box sitting in front of the store, took it, and crossed the street to empty the contents into a

dumpster. He admitted that when he returned to the store he saw a pair of boots removed from the box.

1. Appellant first contends that the trial court erred in admitting into evidence five pairs of boots similar to the ones actually stolen. The actual merchandise was returned to the store after appellant's arrest and had been sold prior to trial. Appellant relies upon *Paxton v. State*, 160 Ga. App. 19 (285 SE2d 741) (1981), as authority for the rule that substitute evidence is not admissible. In *Paxton*, the prosecution introduced into evidence a police department pistol which was not connected with the defendant or the crime. One of the disputed issues was whether, during the commission of the crime, the defendant had used a real gun or a toy one found in his possession when he was arrested. The court noted that the case law is replete with holdings that articles which are similar to the one used in a crime, but not identical with it, are admissible. The case at bar was distinguished from the cited cases because there was conflicting evidence as to the actual existence of a real gun. In the case *sub judice*, there is no dispute that boots were found in the box, although the defendant contended he saw only one pair of boots. Any difference in the number of pairs of boots is immaterial, as each pair of the stolen boots was valued at more than $100. The question before the jury was not the identity of the boots, but whether the appellant intended to steal them. Appellant has also failed to show how he has been harmed by the introduction of evidence of similar boots. "[H]arm as well as error must be shown for reversal." *Wood v. State*, 243 Ga. 273, 274 (253 SE2d 751) (1979).

2. In his next enumeration of error, appellant claims that the state failed to prove that the value of the stolen property exceeded $100 and, as a result, he was improperly sentenced for felony theft by shoplifting.

The store manager testified that four pairs of Dan Post western boots were stolen and one pair of Acme boots. He testified that "there was one pair of exotic skin boots that sold for $200.00" and that the cheapest pair of Dan Post boots in the store sold for $125. From this testimony it was established that the retail value of the stolen property exceeded $100. Appellant's claim that the state must prove value by accurately itemizing the retail value of each stolen item is without merit. " '[W]here separate items of theft are charged in the indictment, . . . the State is not compelled to prove the theft of every one of such items or to prove an aggregate amount of value for items the subject of a theft.' " *Taylor v. State*, 140 Ga. App. 447, 448 (231 SE2d 364) (1976).

3. The trial court did not err in failing to instruct the jury that the term "value" in a theft by shoplifting case is defined as retail price. Value is not an essential element of the crime of theft by shop-

lifting. The Code provides that the offense is punishable as a misdemeanor if the value of the stolen goods is less than $100. OCGA § 16-8-14 (b). It is only if there is a factual issue as to whether the value is greater than $100 that the jury must determine value in order to assist the court in determining the appropriate sentence. *Jones v. State*, 147 Ga. App. 779 (250 SE2d 500) (1978). In the instant case, the uncontradicted testimony of the store manager established the value of each pair of boots alleged to be stolen at more than $100. We also note that appellant did not make a request to charge on value. We therefore find the court did not err in not giving such a charge.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 4, 1985.

*Roger L. Curry*, for appellant.
*Thomas J. Charron, District Attorney*, for appellee.