A90A0570, A90A0571. KOWALCZK v. THE STATE (two cases).
(394 SE2d 594)

BANKE, Presiding Judge.

At a single trial, the appellant was found guilty on two separate indictments charging him with shoplifting. He brings these appeals from the denial of his separate motions for new trial on each conviction. *Held*:

1. The appellant contends that the trial court erred in denying his motion to sever the two charges. Generally, " 'where the offenses are so similar that they show a common scheme or plan or have an

identical modus operandi, severance is discretionary with the trial court.' " *Williams v. State*, 178 Ga. App. 581, 584 (344 SE2d 247) (1986). However, " '[w]here two or more offenses are joined only because they are of the same or similar character, the trial court, upon motion of the defendant, must order separate trials for each of the offenses.' [Cit.]" *Ridgeway v. State*, 174 Ga. App. 663, 664 (2) (330 SE2d 916) (1985).

The evidence in support of the first of the two shoplifting charges showed that the appellant had engaged the manager of a hardware store in a discussion about some gardening equipment while an accomplice concealed tools and other store merchandise under his coat and left with them. The evidence offered in support of the second charge showed that the appellant had concealed several clocks and CD players in a storage box while inside a Wal-Mart store and had then left the store after paying only for the box itself. The state contends that these offenses were related in that they occurred in the same county within two months of each other. However, we do not believe these factors are sufficient in and of themselves to establish a connection between the two offenses; and in the absence of any similarity with respect to such factors as modus operandi or the type of merchandise taken, we must conclude that the indictments were joined for trial solely because the offense charged in each instance was shoplifting. Accordingly, we hold that the appellant's motion for severance should have been granted. See *Davis v. State*, 159 Ga. App. 356 (1) (283 SE2d 286) (1981).

2. The appellant contends that he was entitled to a directed verdict of acquittal on one of the two charges because the evidence failed to establish the value of the merchandise taken. Initially, we note that even had such a failure of proof occurred, it would not have entitled the appellant to an acquittal but would have gone merely to the issue of punishment. See OCGA § 16-8-14 (b). However, no such failure of proof in fact occurred. Value is established in a shoplifting case by showing "the actual retail price of the property at the time and place of the offense." OCGA § 16-8-14 (c). The manager of the store in question identified photographs of the stolen merchandise at trial and disclosed the actual retail price of each of the items which had been recovered from the appellant.

3. The appellant contends that the trial court erred in denying his request for funds with which to hire an expert to support his defense that he was incapable of forming the criminal intent necessary to commit a crime because he suffered from "chronic pain." We are aware of no authority for the existence of such a defense, and the appellant has provided us with none. There was no allegation that the appellant lacked the mental capacity to distinguish between right and wrong, or to understand the nature of the charges against him, or to

assist in his own defense. This enumeration of error is accordingly without merit.

*Judgments reversed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 11, 1990 —
REHEARING DENIED MAY 23, 1990 —

*D. Warren Auld*, for appellant.

*Thomas C. Lawler III*, District Attorney, *Debra K. Turner*, Assistant District Attorney, for appellee.