## S92A0820. EARNEST v. THE STATE.
(422 SE2d 188)

CLARKE, Chief Justice.

Malisa Earnest, Terry Belcher, and Robert MacIntyre strangled Teresa Simmons to death. At separate jury trials, all three defendants were convicted of malice murder and sentenced to life imprisonment. Earnest appeals. We affirm the conviction.[1]

Earnest and Teresa Simmons, ages 17 and 15 respectively, ran away from their group home on January 11, 1988. They met Belcher after hitch-hiking to Atlanta. The two girls stayed with Belcher at his elderly grandmother's home. Shortly thereafter, Earnest and Belcher began a sexual relationship.

Belcher testified that he was the "high priest" of a satanic cult with 11 members. Neither Earnest nor Simmons were members of the cult, though Earnest had expressed to Belcher an interest in the occult. Simmons had no interest in the cult and refused MacIntyre's sexual advances. On Saturday, January 16, 1988, the defendants began plotting to kill Simmons. Appellant suggested that they strangle the victim, and the others agreed.

On January 17, Earnest took a shoelace from Belcher's boot and began strangling Simmons in the presence of the co-defendants. Belcher took over the strangulation, and MacIntyre helped by holding the victim down and tightening the knot. Belcher testified that he and MacIntyre performed a satanic ritual over Simmons's dead body. All three defendants then buried the victim's body in a shallow grave in the backyard.

The defendants stole a van belonging to MacIntyre's mother and drove to Louisiana, burglarizing houses along the way. Authorities in Louisiana caught the defendants and placed them in holding cells in a juvenile facility. While in the facility, Earnest told her cellmate, Kerra Stone, that they had killed a girl in Georgia. After the defendants left, Stone reported Earnest's confession to the authorities. The police arrested all three defendants in Georgia. After her arrest, Earnest made a detailed taped statement to the police admitting her involvement in the murder.

At trial, Dr. Warren Tillman testified that Simmons died from strangulation. Earnest presented no evidence and did not testify on her own behalf.

1. Appellant argues that the trial court erred by allowing improper comments by the prosecutor and witnesses. The prosecutor

---

[1] The crime occurred on January 17, 1988. Appellant was indicted on March 1, 1988. Appellant was convicted of malice murder and sentenced to life imprisonment on August 18, 1988. Appellant's amended motion for new trial was denied on January 24, 1992. The notice of appeal was filed on February 12, 1992.

questioned defendant Belcher at length about his cult's involvement in Satan worship and church vandalisms. The prosecutor also questioned Belcher about the burglaries committed by the defendants after the murder. Appellant asserts that the trial court should have excluded this testimony because it was inadmissible evidence of her character.

Appellant did not object to any of this evidence at trial. Errors not raised in the trial court will not be heard on appeal. *Boutwell v. State*, 256 Ga. 63, 65-66 (344 SE2d 222) (1986). Even if appellant had objected, the testimony was admissible as evidence of a motive for the killing. Proof of motive is not necessary to prove murder; however, the State may introduce such evidence. *Johnson v. State*, 260 Ga. 457 (396 SE2d 888) (1990). " 'Evidence that is otherwise relevant and material to the issues in a criminal case does not become inadmissible simply because it incidentally puts a defendant's character or reputation into evidence.' " *Boutwell*, supra at 65 (quoting *Daniels v. State*, 252 Ga. 30, 32 (310 SE2d 904) (1984)).

Appellant further argues that the prosecutor made several improper arguments to the jury during summation. The prosecutor compared defense counsel to a "squid" and threw the victim's clothes at appellant, causing her to become hysterical. Defense counsel asked the trial judge to admonish the prosecutor in front of the jury; the court followed counsel's request. Defense counsel specifically denied asking for a mistrial. Appellant is not entitled to a mistrial for improper remarks where counsel said he did not want a mistrial. *Beach v. State*, 258 Ga. 700 (373 SE2d 210) (1988).

Appellant relies on OCGA § 17-8-75 which requires a judge to prevent counsel from making improper arguments. The statute, however, only requires the judge to act where counsel makes a timely objection. OCGA § 17-8-75. In this case, appellant did not object. As trial counsel testified at the hearing for a motion for new trial, part of his trial strategy was to invoke the jury's sympathy. "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Johnson v. State*, 226 Ga. 511, 514 (175 SE2d 840) (1970).

2. Appellant asked the trial court to sequester the father of the victim. The prosecutor asked the court to allow the father to remain in the courtroom to help with the trial. When a party requests sequestration, the trial court must remove the witnesses from the courtroom. OCGA § 24-9-61. Application of the rule to a particular witness is within the sound discretion of the trial court. *Wilson v. State*, 158 Ga. App. 174 (7) (279 SE2d 345) (1981). Appellant did not object to allowing the father in the courtroom and thereby waived the issue on appeal. Without a showing of a manifest abuse of discretion, this Court will not disturb the trial judge's decision. *Wilson*, 158 Ga. App.

at 176 (7).

3. Appellant claims that she was denied a full opportunity to cross-examine defendant Belcher at the trial. During the defense's cross-examination of Belcher, Belcher's attorney advised his client not to answer specific questions about the crimes because his answers might be incriminating. Defense counsel did not pursue further detail in the questioning and did not object that appellant was being denied a full and fair cross-examination. Therefore, appellant has not preserved the issue for appeal. *Houston v. State*, 180 Ga. App. 267 (2) (349 SE2d 228) (1986). "Acquiescence completely deprives [appellant] of the right to complain further." *Thompson v. State*, 186 Ga. App. 471, 472 (367 SE2d 320) (1988) (quoting *Upshaw v. Cooper*, 127 Ga. App. 690, 692 (194 SE2d 618) (1972)).

4. As the State was about to rest its case, the judge remarked to the jury, "The defendant has Miss Earnest and possibly two other witnesses. I don't know how long that will take, but let's hope we are seeing the lighthouse toward the end of this case." Appellant argues that this statement was a comment on her failure to testify on her own behalf. Again, appellant did not make a timely objection to the trial court's comments and has waived the issue on appeal. *Taylor v. State*, 140 Ga. App. 447 (231 SE2d 364) (1976). Taken in its context, the trial judge's comment did not improperly draw attention to appellant's failure to testify. See id. at 447. See also *Blair v. State*, 230 Ga. 409, 413 (197 SE2d 362) (1973). Given the context of the comment and the strong evidence of the State, including appellant's detailed confessions, this Court finds the trial judge's comments to be at most harmless error. *See Buttrum v. Black*, 721 FSupp. 1268 (N.D. Ga. 1989), aff'd, 908 F2d 695 (11th Cir. 1990).

5. Appellant argues that defense counsel at trial presented no evidence and did not request mistrials for errors made by the court. As a result, appellant contends that she was denied a fair trial because her trial counsel was ineffective. To succeed on an ineffective assistance of counsel claim, appellant must show that trial counsel's performance was deficient and that it prejudiced her so as to deprive her of a fair trial. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that trial counsel's performance "falls within the wide range of reasonable professional assistance" and that any challenged action " 'might be considered sound trial strategy.' " Id. at 689 (quoting *Michel v. Louisiana*, 350 U. S. 91, 101 (76 SC 158, 100 LE 83) (1955)).

Defense counsel testified at the hearing for a motion for new trial that the defense strategy was to show that appellant was under Belcher's control and that he coerced her into committing the murder. To invoke the jury's sympathy, he intentionally did not object to many of the prosecutor's comments. In the absence of testimony to

the contrary, counsel's actions are presumed strategic. *Stanley v. Zant*, 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984). Trial counsel's strategy was within the range of professionally reasonable decisions.

It is also clear from the evidence that, even if counsel were inadequate, this did not prejudice appellant. Appellant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U. S. at 694. This Court must consider the totality of the evidence presented to the jury. Id. at 695. There were two detailed statements by Earnest about the killing and two corroborating statements by the other co-defendants. Given the overwhelming evidence of guilt, there is no reasonable probability that the omitted evidence would have changed the outcome of the trial.

6. This Court finds appellant's claims that trial errors amounted to plain error are without merit.

7. We conclude that a rational trier of fact could have found the defendant guilty of the crime of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Bell, P. J., Hunt, Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 30, 1992.

*Michael R. Hauptman, John A. Beall IV*, for appellant.
*David McDade, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.