## A97A1559. BROWN v. THE STATE.
(491 SE2d 488)

RUFFIN, Judge.

Terry Lee Brown appeals from his conviction for shoplifting. For reasons which follow, we reverse.

The record shows that Brown and his co-defendant Alphonso Johnson entered an auto parts store in Garden City, Georgia. A store employee who observed the two men from behind a shop display testified that she saw Johnson place several tools inside his clothing. She also saw Brown standing around Johnson, shielding him and his movements from other customers. According to the employee, Brown "was kind of watching the customers as they were coming in and he would block Mr. Johnson's view as the customers would come down the aisles and watch them as the customers came in." Brown also shifted his position when necessary to continue blocking Johnson from customers. The employee and a store manager confronted Johnson, who denied taking any merchandise and left the store with Brown. The employee and manager then called the police.

Officer Eddie Green arrived while Johnson and Brown were still in the parking lot. As Green drove into the lot, Johnson and Brown walked quickly behind the store. Johnson was carrying a plastic bag. Green followed and saw the two crossing a pipe over a canal behind the store. Brown held the plastic bag as Johnson crossed the pipe and then handed it to Johnson. The police apprehended Johnson and

Brown on the other side of the canal and found the stolen merchandise in the plastic bag handled by both men.

Johnson, who pled guilty to shoplifting, testified for the defense. He explained that he went to the auto parts store with Brown and another individual named "Papa" in the latter's car. According to Johnson, he made several trips into the store and stole tools without any aid from Brown or Papa, who were conducting business in another part of the store and did not know about the theft. After his second foray into the store, Johnson hid the stolen tools in a black trash bag he placed on the back floorboard of Papa's car. Entering the store for a third time, Johnson engaged Brown in conversation near a merchandise display while placing a few more tools under his coat, again purportedly without Brown's knowledge. Shortly thereafter, a store employee confronted Johnson about the stolen tools. Johnson denied the theft and left the store with Brown. The two men got into Papa's car, with Brown in the front seat and Johnson in the back. Johnson began to rustle the plastic bag as he transferred additional tools into the sack. When Brown inquired about the noise, Johnson confessed that he had stolen the tools. Johnson testified that he then convinced Brown to run: "I said, man, you better come on, just like that. So, you know, I guess out of fear, man, he might have grabbed the bag or whatever, you understand, and ran."

The jury found Brown guilty of theft by shoplifting. The trial court sentenced Brown as a recidivist to ten years of confinement. This appeal followed.

1. Brown argues that the evidence was insufficient to support his conviction. We disagree.

"A person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment." OCGA § 16-8-14 (a) (1). A person who intentionally aids and abets in the commission of shoplifting is a party thereto and may be convicted of shoplifting. OCGA § 16-2-20.

Viewing the evidence in the light most favorable to support the verdict, we conclude that "any rational trier of fact could reasonably have found beyond [a] reasonable doubt that [Brown] was a part and parcel of the theft of the [merchandise], aiding and abetting the actual thief by acting as a screen and lookout and subsequently aiding the thief's escape. [Cit.]" *Thomas v. State*, 168 Ga. App. 53, 54 (308 SE2d 59) (1983). Accordingly, this enumeration of error has no merit.

2. Brown also contends that his conviction should be reversed

because the trial court improperly allowed the State to impeach Johnson regarding his failure to plead guilty until the day of his trial. In reviewing Brown's argument, we must determine whether the trial court erred in allowing this line of questioning and, "if so, if it was harmless beyond a reasonable doubt. [Cits.]" *Smith v. State*, 222 Ga. App. 366, 370 (4) (474 SE2d 272) (1996).

During cross-examination, the prosecutor established that Johnson initially pled not guilty to the shoplifting offense. The prosecutor then asked: "So when you said that [you were not guilty], you were actually lying to the Court, weren't you?" The trial court overruled Brown's objection to this question, concluding that the jury was "entitled to know that [Johnson] did not 'fess up to [the crime] instantly."

The State's implication that Johnson *lied* to the court by not pleading guilty at his first appearance was improper. The right to trial by jury in criminal cases is inviolate. Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). A criminal defendant may waive that right by pleading guilty, but " '[l]ike a confession out of court, [a guilty plea] ought to be scanned with care and received with caution.' " *Strickland v. State*, 199 Ga. 792, 800 (35 SE2d 463) (1945). Neither the initial choice to exercise the right to trial by jury, nor a subsequent decision to waive that right and plead guilty, should be viewed as a "lie" or ammunition for impeachment. See *Cervi v. State*, 248 Ga. 325, 330 (7) (282 SE2d 629) (1981) (finding no harmful error under circumstances of case, but expressing disapproval at State's practice of cross-examining defendant during the death penalty sentencing phase about why he pleaded not guilty). Accordingly, the trial court erred in permitting this line of cross-examination.

We further find that the error was harmful in this case. Although the jury was authorized to find Brown guilty beyond a reasonable doubt of shoplifting, the evidence against him was not "overwhelming," as the State contends. The shop employee's testimony regarding Brown's "shielding" conduct evidenced his participation in the shoplifting. See *Thomas*, supra; see also *Hood v. State*, 229 Ga. 435, 437 (2) (192 SE2d 154) (1972). In rebuttal, however, Brown presented contrary testimony explaining his conduct. Furthermore, Officer Green's testimony that Brown helped Johnson flee with the stolen goods did not necessarily establish Brown as a party to shoplifting. See OCGA §§ 16-2-20 (b); 16-8-14; *Martinez v. State*, 222 Ga. App. 497, 499 (2) (474 SE2d 708) (1996) ("An accessory after the fact is not a party to the crime . . . , but the act constitutes the separate offenses of obstruction of justice. . . .").

Johnson, Brown's sole defense witness, testified that Brown was not involved in the theft. In reaching its verdict, the jury was required to assess the credibility of this testimony. The trial court erroneously allowed the State to impeach Johnson as an individual

who had "lied" to the court by pleading not guilty. We cannot say that this improper cross-examination did not impact the jury's credibility determination and contribute to the verdict. See *Lumpkin v. State*, 205 Ga. App. 68, 71 (2) (421 SE2d 100) (1992); compare *Keef v. State*, 220 Ga. App. 134, 140 (3) (469 SE2d 318) (1996) (in light of other evidence presented, erroneous admission of improper impeachment evidence was harmless beyond all reasonable doubt). Although the State sought to impeach Johnson in various ways, its effort to establish that Johnson previously lied *in court* was particularly prejudicial and harmful given his potentially exculpatory testimony and the amount of evidence against Brown. Accordingly, we must reverse this case for a new trial.

3. In his third enumeration of error, Brown argues that the trial court erred in not instructing the jury to decide the value of the stolen merchandise. Because this issue may arise during retrial, we address it now here. We first note that Brown neither requested a charge on valuation nor excepted to the charges given when the trial court asked for objections. Accordingly, Brown failed to preserve this alleged error for our review. *Morgan v. State*, 206 Ga. App. 132, 134 (2) (424 SE2d 92) (1992). Even if Brown had properly preserved this claim, however, his argument must fail.

Value is not an essential element of the offense of shoplifting. *Green v. State*, 177 Ga. App. 179, 180-181 (3) (338 SE2d 761) (1985). "The Code provides that the offense is punishable as a misdemeanor if the value of the stolen goods is less than $100. OCGA § 16-8-14 (b). It is only if there is a factual issue as to whether the value is greater than $100 that the jury must determine value in order to assist the court in determining the appropriate sentence. [Cit.]" Id. In this case, the State presented undisputed testimony valuing the stolen merchandise at $200. The evidence did not raise a factual issue relating to value. Accordingly, no charge on valuation was necessary. Id.

4. In light of our decision in Division 2, we need not address Brown's other enumerations of error.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 27, 1997.

*Mark B. Beberman*, for appellant.
*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney*, for appellee.