A97A2478. MONCUS v. THE STATE.
(495 SE2d 118)

RUFFIN, Judge.

A jury found William Moncus guilty of theft by shoplifting. Moncus appeals, challenging the sufficiency of the evidence and the trial court's refusal to give his requested charge concerning the value of the property allegedly stolen. For reasons which follow, we affirm.

1. "On appeal of a guilty verdict, [Moncus] no longer enjoys a presumption of innocence, for the jury has heard the evidence and judged its weight and the credibility of witnesses; the evidence is construed so as to uphold the jury's verdict, and on appeal we do not redetermine the factual issues decided by the jury nor the weight of the evidence, but we only determine its sufficiency under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. [Cit.]" *Winn v. State*, 215 Ga. App. 120 (1) (449 SE2d 667) (1994).

Viewed in this light, the evidence shows that on the day of the theft Moncus entered the Ulta 3 store in Fayette County and walked to the fragrance aisle. Donna Reinhardt, the store manager, was in her office at the time and observed Moncus through a two-way mirror. Reinhardt testified that after sampling some fragrances, Moncus took two bottles of perfume from the shelf and tucked them into his pants. As Moncus walked through a store exit, an alarm sounded and Reinhardt asked him to step back into the store. When Moncus ignored her, Reinhardt instructed her assistant to call 911. Reinhardt observed Moncus until police arrived, and she stated that "once [Moncus] saw the police coming and he saw that I ran out the store he took his shirt off, took the fragrance out of his pants, and threw it on the ground, and started to walk away." Police apprehended Moncus and retrieved the two bottles of perfume, and Reinhardt positively identified him as the individual who took the perfume.

At trial, Reinhardt identified photographs of the bottles of perfume taken by Moncus. She stated that one was a 3.3 fluid ounce bottle of Elizabeth Taylor White Diamonds perfume that is sold at Ulta 3 and valued at $57. Reinhardt testified that the other perfume was a 1.7 fluid ounce bottle of Christian Dior Poison, which was also sold at Ulta 3 and valued at $50. Reinhardt further stated that security tags were on both bottles, and that if taken out of the store without being scanned by the register, the tags would trigger an alarm. There was no doubt in Reinhardt's mind that Moncus was the indi-

vidual who took the two bottles of perfume out of the store and triggered the alarm.

Moncus argues that the foregoing evidence was insufficient because (a) there was no competent evidence showing the value of the merchandise taken, and (b) Reinhardt's testimony was only circumstantial evidence of guilt and conflicted with other evidence presented at trial. We find no merit in these contentions.

(a) We note initially, that even if the State had failed to present evidence showing that the value of the items taken exceeded $100, such failure would "not have entitled [Moncus] to an acquittal but would have gone merely to the issue of punishment. See OCGA § 16-8-14 (b)." *Kowalczk v. State*, 195 Ga. App. 714, 715 (2) (394 SE2d 594) (1990). The evidence presented was, however, sufficient to prove value. "Retail value or price is the standard to be used in establishing value in theft by taking from retail establishments. [Cits.]" *Grice v. State*, 199 Ga. App. 829 (2) (406 SE2d 262) (1991). See also OCGA § 16-8-14 (c). Although under OCGA § 16-8-14 (c) the price tag of the merchandise taken or a copy thereof can be used to prove value, anyone "may testify as to value if he has an opportunity to form a correct opinion. [OCGA § 24-9-66.] [Cit.]" *Ragsdale v. State*, 170 Ga. App. 448, 449 (317 SE2d 288) (1984). See also *Grice*, supra. In previous cases we have found that store employees who were familiar with the items taken were competent to testify as to the value of those items. See id.; *Kowalczk*, supra; *Green v. State*, 177 Ga. App. 179, 180 (2) (338 SE2d 761) (1985).

In this case, the evidence showed that Reinhardt was the store manager. As such, Reinhardt would have had an opportunity to know the price of the items sold in the store. Her identification of the products at trial showed that Ulta 3 sold the stolen perfume, that she was familiar with both bottles and that she in fact knew the value of the merchandise. Although Reinhardt did not specifically use the word "retail" in stating the value, she gave the value in response to a question posed about the "value [that] was listed on both of these items at the time." Under these circumstances, and considering our duty to view the evidence in a light most favorable to the jury's verdict, we find Reinhardt was competent to testify to the retail value of the stolen merchandise and that her testimony provided such value evidence. See *Winn*, supra; *Green*, supra; *Kowalczk*, supra; *Grice*, supra. Furthermore, although Moncus had an opportunity to cross-examine Reinhardt concerning the value of the perfume, he chose not to do so. See id. at 829. Accordingly, this enumeration of error is without merit. Id.

(b) We also find no merit in Moncus' other contentions that the evidence was insufficient because Reinhardt's testimony was only circumstantial evidence of guilt and because it conflicted with other

evidence presented at trial. First, Reinhardt's testimony, in which she unequivocally stated that she saw Moncus take the merchandise, was not circumstantial but direct evidence of his guilt. See *Stubbs v. State*, 265 Ga. 883, 885 (2) (463 SE2d 686) (1995) (eyewitness testimony that he saw defendant commit the crime is direct evidence of guilt). Second, the issue of whether Reinhardt's testimony concerning the length of Moncus' hair at the time of the offense conflicted with other evidence produced at trial concerning his hair length was a factual issue the jury appropriately resolved on its own. See *Winn*, supra.

Accordingly, we find the evidence was sufficient for any rational trier of fact to find Moncus guilty beyond a reasonable doubt of theft by taking and that there was sufficient evidence of value to support the trial court's felony sentencing. See id.; *Jackson v. Virginia*, supra; *Kowalczk*, supra.

2. The trial court did not err in failing to charge the jury concerning the value of the stolen merchandise. "It is only if there is a factual issue as to whether the value is greater than $100 that the jury must determine value in order to assist the court in determining the appropriate sentence. [Cit.] In the instant case, the uncontradicted testimony of the store manager established the value of [the stolen merchandise] at more than $100." *Green*, supra at 181. Accordingly, we find no error. See id.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 11, 1997.

*Patricia A. Buttaro*, for appellant.
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.

