## A02A0644. WRIGHT v. THE STATE.
### (564 SE2d 522)

MIKELL, Judge.

Dexter Renaldo Wright appeals his conviction of felony theft by shoplifting, contending that the accusation was defective and that the evidence was insufficient. For the reasons set forth below, we affirm.

1. When reviewing a criminal conviction, we view the evidence in the light most favorable to the verdict and do not weigh the evidence nor judge the witnesses' credibility.[1] The question is whether under the evidence presented a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that on April 1, 2000, a Kroger store employee observed Wright placing meats into grocery bags as

---

[8] (Citation and punctuation omitted.) *Barton v. Atkinson*, 228 Ga. 733, 739 (1) (187 SE2d 835) (1972).

[9] Id.

[1] *Davis v. State*, 244 Ga. App. 708, 709 (1) (536 SE2d 596) (2000).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

he was standing in the beer aisle. The employee saw Wright place the bags, along with boxes of crab legs, into a grocery cart. A drug store clerk watched Wright proceed past the cash registers toward the exit with the groceries. The clerk accosted Wright and asked him to produce a receipt for the items, but Wright could not do so. The clerk informed him that he could not leave with the groceries, but Wright stated that he was leaving the store.

By this time, one of the store's managers arrived to assist the clerk. The manager testified that he also asked Wright for a receipt. Wright stated that he thought he had one in his pocket. While searching his pockets, Wright continued to push the cart outside the store. The manager was able to engage Wright in conversation until the police arrived.

Wright testified in his own behalf. He claimed that he stood in the checkout line until he realized he did not have enough money to pay for the groceries. According to Wright, he asked an employee to watch his buggy while he went to his car to get more money. However, the drug store clerk testified that Wright never offered to obtain money from his car.

Wright argues that his conviction should be reversed because the state failed to prove beyond a reasonable doubt that the value of the items taken totaled more than $300.[3] We disagree. The manager testified that Wright's cart contained groceries with a total value of between $450 and $460, including four boxes of crab legs valued at $59.95 each; a case of beer priced at $18.49; an assortment of meats consisting of chicken, ox tails, pork ribs, and boneless pork chops; and a ten-pound bag of potatoes. Contrary to Wright's argument, the state was not required to itemize the retail value of each stolen item.[4] The store manager, who was familiar with the items taken, was competent to testify as to the value of those items.[5] Finally, we note that the value of the stolen items "is relevant only for the purpose of distinguishing between a misdemeanor and a felony, and where any evidence of value can be shown, a conviction for shoplifting can be upheld."[6] It follows that the evidence was sufficient for any rational trier of fact to conclude beyond a reasonable doubt that Wright was guilty of felony shoplifting.

2. Similarly, Wright contends that the accusation was void because it failed to assign a value to each stolen item. We disagree. At the outset, we note that by failing to file a demurrer or a motion in

---

[3] Felony shoplifting is the theft of items with a value of more than $300. OCGA § 16-8-14 (b) (1).

[4] *Green v. State*, 177 Ga. App. 179, 180 (2) (338 SE2d 761) (1985).

[5] *Moncus v. State*, 229 Ga. App. 803, 804 (1) (a) (495 SE2d 118) (1997).

[6] *Brown v. State*, 160 Ga. App. 285, 286 (287 SE2d 278) (1981).

arrest of judgment in the trial court, Wright has not preserved this issue for appellate review.[7] We have also held that where, as here, a defendant fails to attack the sufficiency of the accusation until after his conviction, his complaint will not be considered on appeal unless the alleged defects render the accusation absolutely void.[8] In this case, the accusation tracks the appropriate statutory language[9] and states the nature of the items taken. It contains no defects such as would render it void.[10] Accordingly, this enumeration is meritless.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED APRIL 17, 2002.

*James W. Bradley,* for appellant.
*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney,* for appellee.

---

[7] *Parks v. State,* 246 Ga. App. 888, 889 (1) (543 SE2d 39) (2000).
[8] *England v. State,* 232 Ga. App. 842, 844 (2) (502 SE2d 770) (1998); *Duggan v. State,* 225 Ga. App. 291, 297 (8) (483 SE2d 373) (1997); *Dunbar v. State,* 209 Ga. App. 97, 98 (432 SE2d 829) (1993); *Ivie v. State,* 151 Ga. App. 496, 497 (2) (260 SE2d 543) (1979).
[9] OCGA § 16-8-14 (a), (b) (1).
[10] *Dunbar,* supra.