## A03A1340. REEVES v. THE STATE.
### (582 SE2d 590)

ELDRIDGE, Judge.

A Dawson County jury found Bobby Reeves guilty of felony shoplifting, which charge arose when Reeves and a co-defendant, Calvin Ross, removed two, new ten-carat "gold nugget" watches from the 400 Jewelry & Loan in Dawsonville. Without challenging the sufficiency of the evidence against him, which included videotape of the charged act, Reeves appeals, claiming that the trial court erred in failing to instruct the jury that the value of the taken goods must exceed $300 in order to support conviction for felony shoplifting and that, as a corollary, the trial court erred in failing to give his requested charge on misdemeanor shoplifting as a lesser included offense. Finding these contentions to be without merit, we affirm.

As it relates to the offense of shoplifting, the value of the items taken is relevant only to distinguish between a felony and a misdemeanor.[1] Shoplifting is a misdemeanor offense when the value of the

[1] *Brown v. State*, 160 Ga. App. 285, 286 (287 SE2d 278) (1981).

taken items is $300 or less.[2] If evidence does not raise a factual issue relating to value, no jury charge on valuation is necessary.[3]

By brief, Reeves contends that the State's evidence as to the value of the watches was "wildly different." However, from our review of the evidence, we do not find such "wild" variation as would raise an issue between felony and misdemeanor shoplifting. The only witness to testify about value, store manager Sharon Phillips, placed the retail price of the new watches between $350 and $390 each. While Phillips testified that the price was "negotiable," the lowest retail price she would accept for each watch was $325, based upon the value of the gold. Therefore, as relevant to shoplifting, the evidence presented no factual issue that would make a valuation charge necessary.

We reject Reeves' attempt to utilize the $165 figure that Phillips testified she paid for the watches. First, we read such figure as going to each watch, not to both, together. Even if that was not the case, "[i]n all cases involving theft by shoplifting, the term 'value' means the actual retail price of the property at the time and place of the offense."[4] "Retail" is defined as "[a] sale for final consumption in contrast to a sale for further sale. . . . A sale to the ultimate consumer."[5] The price paid for the watches by 400 Jewelry & Loan for resale to the public does not reflect their "retail" price; such fact is established by the "retailer,"[6] Phillips, whose testimony is sufficient to prove the value of the watches on the incident date.[7]

Since there was absolutely no evidence before the jury that the retail value of the items taken would authorize conviction on anything less than felony shoplifting, it was not error for the trial court to refuse to charge the jury on either the issue of valuation or on misdemeanor shoplifting as a lesser included offense. "[T]he requested charge[s were] not properly adjusted to the facts in this case, and if any portion of the request is inapt, incorrect, or not authorized by the evidence, denial of the request is proper."[8]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

---

[2] OCGA § 16-8-14 (b) (1).

[3] *Brown v. State*, 228 Ga. App. 281, 284 (3) (491 SE2d 488) (1997).

[4] OCGA § 16-8-14 (c).

[5] Black's Law Dictionary (5th ed.).

[6] See id. ("Retailer. A person engaged in making sales to [the] ultimate consumers.").

[7] See *Wright v. State*, 255 Ga. App. 119, 120 (1) (564 SE2d 522) (2002) (the store manager was competent to testify as to the value of items taken); accord *Moncus v. State*, 229 Ga. App. 803, 804 (1) (a) (495 SE2d 118) (1997).

[8] (Punctuation omitted.) *Lawson v. State*, 214 Ga. App. 464, 465-466 (2) (448 SE2d 14) (1994).

DECIDED JUNE 3, 2003.

*Fox, Chandler, Homans, Hicks & McKinnon, Graham McKinnon IV, Cheryl H. Kelley*, for appellant.
*Jason J. Deal, District Attorney, Lindsay H. Messick, Assistant District Attorney*, for appellee.