### S10A0245. KING v. THE STATE.
(690 SE2d 852)

MELTON, Justice.

Following a jury trial, Mary Jane King was convicted of felony murder and cruelty to children.[1] On appeal, King alleges for the first time that she was denied a fair and impartial jury. Because King never raised this issue in the trial court, we affirm.

The record reveals that, on January 24, 2006, King beat her adopted son to death with a piece of PVC pipe and injured her foster daughter. While the court was conducting a *Jackson-Denno* hearing, a juror, Jackie Medders, approached a GBI Agent, Agent Bloodworth, during a lunch recess and asked if King had "pled guilty." Agent Bloodworth informed her that King had not entered a plea of guilty. Once Agent Bloodworth realized that Medders was a juror, he walked away and reported the matter to the prosecutor. Juror Medders was brought to the courtroom and examined by both parties. She confirmed Agent Bloodworth's story and said that she had hoped that King would plead guilty so that she would not have to serve on the jury. King requested that Juror Medders be excused from the jury because she did not want someone who wanted her to plead guilty sitting in the jury box. The trial court granted King's request, removed Juror Medders, and held Medders in contempt. An alternate juror was provided, and King was found guilty of felony murder and cruelty to children. At no time before or during the trial did King make any mention that she was concerned that Juror Medders may have influenced the other jurors, and she did not assert in her motion for new trial that the denial of a fair and impartial jury was one of

---

[1] On February 8, 2006, King was indicted for two counts of felony murder (with cruelty to children and aggravated assault as the underlying felonies) and one count of first degree cruelty to children. Following an October 30 – November 2, 2006 jury trial, King was found guilty of felony murder (cruelty to children) and first degree cruelty to children. On November 2, 2006, King was sentenced to life imprisonment for felony murder, plus twenty years consecutive for cruelty to children. King filed a motion for a new trial on November 8, 2006, and the motion was denied on September 17, 2009. King's timely appeal was docketed in this Court on October 16, 2009, and submitted for decision on the briefs.

the grounds upon which she sought relief.

It is well settled that "[e]rrors not raised in the trial court will not be heard on appeal." (Citation omitted.) *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992); *Boutwell v. State*, 256 Ga. 63 (5) (344 SE2d 222) (1986). Indeed, "[a] party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." (Citation and punctuation omitted.) *Earnest*, supra, 262 Ga. at 495 (1); see also *Lyman v. State*, 69 Ga. 404, 407 (1882) (defense counsel "cannot remain silent [on an issue of juror misconduct] and take the chances of an acquittal for his client, and upon failure, make it a good ground for a new trial") (citation omitted). Accordingly, King has presented nothing for this Court to review, and the trial court's judgment denying King's motion for new trial must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 2010.

*Martin H. Eaves*, for appellant.

*Richard E. Currie, District Attorney, Michelle C. McIntire, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.