## A10A1882. REESE v. THE STATE.

(706 SE2d 623)

BARNES, Presiding Judge.

A jury found Michael Reese guilty of burglary and misdemeanor theft by taking. Reese appeals from the denial of his motion for a new trial, challenging the sufficiency of the evidence. We affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Buice v. State*, 281 Ga. App. 595 (636 SE2d 676) (2006).

Viewed in the light most favorable to the verdict, the evidence showed that the victim owned a rental home adjacent to his personal residence. The rental home was vacant. Next to the rental home was a stand-alone garage used for storage. On the morning of October 19, 2006, the victim noticed a white vehicle with its trunk open parked near the garage. He then observed one man pulling down copper electrical wire that ran from the rental home to the garage, and another man coming from the direction of the garage with wire window screens that he was tearing up. The victim also saw that the lock to the garage door had been torn off. He called 911 and continued to watch the two men until the police arrived. The victim was between 100 and 150 feet from the two men the entire time that he was observing them.

A police officer responded to the scene and approached the two men identified by the victim, one of whom was Reese, the other of whom was co-defendant Michael Jackson. The officer noticed copper, wire screen, and other materials in the trunk of the white vehicle. When asked why they were on the rental property, Reese and Jackson said they were "just looking around." The officer placed the two men under arrest and transported them to the police station.

At the police station, Reese and Jackson agreed to speak separately with an investigator after being advised of their *Miranda* rights.[1] Jackson told the investigator that he had received the window screens from a gentleman that he worked for named

---

[1] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Mitchell, and then had decided to go onto the rental property to strip the screens out of the frames. In contrast, Reese told the investigator that the screens had been collected from a trash pile on the side of the road, and that Jackson and he had coasted up to the rental property when their car ran out of gas. Neither of them gave an explanation for the copper or other materials found in the white vehicle. The investigator later testified that when the white vehicle was towed from the rental property to be impounded, it "cranked right up."

The indictment charged Reese with the burglary of the storage garage owned by the victim and of theft by taking "copper pipes and wiring, window screens, and miscellaneous metal" owned by the victim.[2] At trial, the victim, the responding officer, and the investigator testified to the events as set out above. The victim further testified that the window screens had been stored in his garage, and that some of the screens found inside the white vehicle had come from his garage. Additionally, the victim testified that Reese and Jackson did not have permission to enter his storage garage or to take any items from his rental property. Based on this evidence, the jury convicted Reese of burglary and misdemeanor theft by taking.

The evidence was sufficient to authorize a rational jury to find Reese guilty beyond a reasonable doubt of the charged offenses. *Jackson*, 443 U. S. 307. It was the exclusive role of the jury, rather than this Court, to assess witness credibility and weigh the evidence. See *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

With respect to the burglary count, Reese claims that there was no evidence that he entered the storage garage or acted with the intent to commit a theft. We are unpersuaded. While it is true that the victim did not actually see anyone enter the storage garage, the victim testified, as previously noted, that the lock on the garage door had been torn off; that one of the two men had been coming from the direction of the garage while tearing up the window screens; that the window screens had been stored in the garage; and that some of the screens found in the white vehicle had come from the garage. This combined circumstantial evidence was sufficient to entitle a jury to infer that Reese either directly committed burglary by entering the storage garage without authority and with the intent to commit a theft, or was a party to that crime. See OCGA §§ 16-2-20; 16-7-1 (a).

With respect to the count for misdemeanor theft by taking,

---

[2] When the indictment lists specific items of stolen property, the State is not compelled to prove the theft of every one of those items to sustain a conviction. See *Green v. State*, 177 Ga. App. 179, 180 (2) (338 SE2d 761) (1985). Thus, the State could meet its burden of proving theft by taking by establishing that copper pipes, copper wiring, window screens, *or* miscellaneous metal owned by the victim were taken.

Reese argues that none of the items found in the trunk of the white vehicle was connected with the storage garage. His argument is without merit. As already discussed, the victim testified that the window screens had been stored in his garage, and that some of the screens found in the trunk came from there.

For all of these reasons, Reese cannot succeed on his challenge to the sufficiency of the evidence. The trial court did not err in denying Reese's motion for a new trial and upholding his convictions.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 1, 2011.

*Teresa L. Smith*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Layla H. Zon, Assistant District Attorney*, for appellee.