**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 24, 2018**

# In the Court of Appeals of Georgia

A18A0509. TURNER v. THE STATE.

McMILLIAN, Judge.

Antonio Turner was charged with two counts of felony shoplifting, and following a jury trial in December 2015, convicted of both counts. The trial court sentenced him to a total of 20 years, ten to serve. Turner appeals the trial court's denial of his motion for new trial , asserting that (1) he did not understand the charges and evidence against him and therefore rejected a plea offer that he would otherwise have accepted; (2) the evidence was insufficient to establish the value of the items stolen in Count I; and (3) he received ineffective assistance of counsel. Finding no error, we affirm.

"On appeal from a criminal conviction, the defendant is no longer entitled to a presumption of innocence and we therefore construe the evidence in the light most favorable to the jury's guilty verdict." (Citation omitted.) *Marriott v. State*, 320 Ga.

App. 58, 58 (739 SE2d 68) (2013). So viewed, the record shows that on the evening of January 18, 2015, Turner and Patrick Brumfield entered a Wal-Mart in Sandersville, Georgia. The two men took backpacks from the store's shelves and filled the backpacks with video games before exiting the store without paying for any of the merchandise. LaKendra Biggins, a Wal-Mart asset protection associate, witnessed the theft but was unable to stop the men before they left the store and quickly entered a gray Cadillac that was already running and had two other individuals in it.[1] Biggins reviewed the store's video recording of the events and confirmed that the two men selected, concealed, and walked out with the stolen merchandise. She also contacted police and gave them printed images from the recording. Based on her review of the video recording, Biggins determined the video games that were taken were worth $770.44.

Less than three weeks later, on February 6, 2015, Turner and Brumfield entered the same Wal-Mart in Sandersville and again selected backpacks from the store's merchandise and filled them with video games. Biggins saw the men, immediately recognized them, and contacted the police. As the men attempted to exit the store, the

---

[1] The four individuals are all family members and were co-indicted for the crimes.

2

alarm sounded and they abandoned the cart before walking out to the parking lot where they were apprehended by police. Biggins was able to recover the abandoned merchandise and determine its value was $1,178.98. She also reviewed the recording of this theft and again printed out images for the police. At trial, the State published the still images of the January 18 theft and the video recording of the February 6 theft for the jury. The State also presented the testimony of an asset protection manager at a Wal-Mart in Vidalia who testified that in August 2015 Turner was again arrested as a party to the crime of shoplifting after his family members were caught leaving the store without paying for all of their merchandise.

1. In his first enumeration of error, Turner asserts that he received ineffective assistance of counsel because he did not understand the charges and evidence against him and therefore rejected the State's plea offer, which he would otherwise have accepted. Because Turner cannot establish that his counsel's performance was deficient, we disagree.

A defendant is entitled to the effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 163 (II) (A) (132 SCt 1376, 182 LE2d 398) (2012). To establish ineffective assistance in this context, the defendant

must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 164 (II) (B). And "trial counsel can be found to have rendered less than reasonably professional assistance if counsel has not informed his client that . . . a plea offer has been made and advised the client of the choices confronting him." (Citation omitted.) *Dulcio v. State*, 292 Ga. 645, 652 (3) (f) (740 SE2d 574) (2013). On appeal, this Court gives deference to the trial court's factual findings, which are to be upheld unless clearly erroneous, and examines the lower court's legal conclusions de novo. Id. at 650 (3).

At the motion for new trial hearing, Turner testified that he met with his trial counsel prior to trial and that counsel relayed the State's plea offer to him.[2] Turner was shown a copy of the indictment at his arraignment and saw that there were two counts on two separate days. He was also present as each of his co-indictees were

---

[2] He also knew that his three co-defendants, all members of his family, each took a plea deal.

4

arraigned, one after the other, and heard the indictment read out loud. His trial counsel, who has been practicing criminal law since 1999, also testified at the motion for new trial hearing. He received the appointment to defend Turner on October 21, 2015 and first met with Turner at the November 16, 2015 calendar call. At that time, he shared with Turner everything he had from the State's discovery, including copies of various documents and photographs from the Wal-Mart surveillance video, which he had blown up and printed as eight-by-ten color photos. That same day, counsel, Turner, and his three family members, who were all represented by separate counsel, all sat together as one of the attorneys read the indictment and the State's discovery out loud to each of the co-defendants present, page by page, and discussed that the possibility of a favorable outcome at trial was "very slim."

According to his trial counsel, everyone in the room knew there was surveillance footage showing the actions of two of the co-defendants, including Turner, inside the Wal-Mart on the occasions in question. Counsel also testified that he thoroughly explained the plea offer to Turner, which included 180 days to serve with a ten-year probated sentence, and advised him regarding his choices. However, Turner "adamantly" rejected the offer, telling counsel "he would not enter the plea . . . any time" and that nobody in his family would testify against him. Turner also told

him that he would not accept the State's offer because everyone else in his family was offered three years probation and no time served. Trial counsel then attempted to negotiate the offer with the State, but was unable to get the offer below five years probation and 180 days to serve, and Turner remained adamant that he would not serve any time.

When Turner told him that he did not believe the photographic evidence from the video was enough to convict him, counsel discussed with Turner that not every aspect of the evidence had to prove guilt beyond a reasonable doubt, but that the combination and totality of the evidence and what the jurors may think can result in a guilty verdict. He also explained to Turner that he had worked on a lot of cases involving Wal-Mart and that their videos are good and they have their "ducks in a row" as far as prosecuting cases. Although Turner continued to believe he lacked legal culpability, counsel told him he disagreed based on his experience. Nonetheless, Turner instructed counsel to pursue his defense theory at trial, which was that he was merely present and did not know that his brother was shoplifting on either occasion. Counsel also explained to Turner that he could be found guilty as a party to a crime and gave examples of a football team where everybody gets credit for the score even though only the running back crossed the line. And although counsel shared with

6

Turner the State's intent to use related acts evidence, Turner told him he did not feel it should be admissible. Counsel told him it most assuredly would be admissible, even though he had entered the prior guilty pleas pro se. It was his opinion that Turner did understand the law but was simply upset after he was convicted.

Based on the record before us, the trial court was authorized to find that Turner's trial counsel did not mislead him in any way regarding the applicable law, his culpability, or the consequences of going to trial rather than accepting the State's plea offer. See *Silvey v. State*, 335 Ga. App. 383, 394 (3) (a) (780 SE2d 708) (2015) ("when considering claims of ineffectiveness of counsel, the trial judge determines witness credibility and is not required to accept the defendant's version of events") (citation and punctuation omitted). Accordingly, this enumeration of error fails. See *Dulcio*, 292 Ga. at 653 (3) (f).

2. Turner next asserts that the evidence as to Count I was insufficient to sustain his conviction because the State failed to establish the value of the stolen property. Count I alleged that Turner and his co-indictees did "unlawfully, with the intent to appropriate merchandise, to wit: video games (approximately 14 games), the property of Wal-Mart, . . . to their own use without paying for said merchandise valued at more than $500.00, take possession of said merchandise[.]"

7

A person convicted of the offense of shoplifting, as defined in OCGA § 16-8-14 (a),[3] commits a felony where the value of the stolen property exceeds $500. OCGA § 16-8-14 (b) (2). Value is statutorily defined as "the actual retail price of the property

---

[3] OCGA § 16-8-14 (a) provides:

A person commits the offense of theft by shoplifting when such person alone or in concert with another person, with the intent of appropriating merchandise to his or her own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following:

(1) Conceals or takes possession of the goods or merchandise of any store or retail establishment;

(2) Alters the price tag or other price marking on goods or merchandise of any store or retail establishment;

(3) Transfers the goods or merchandise of any store or retail establishment from one container to another;

(4) Interchanges the label or price tag from one item of merchandise with a label or price tag for another item of merchandise; or

(5) Wrongfully causes the amount paid to be less than the merchant's stated price for the merchandise.

8

at the time and place of the offense." OCGA § 16-8-14 (c). Here, the asset protection associate who witnessed the theft and later reviewed the store's video recording of the events, testified that while watching the video of the game aisle, she had "a very clear shot of them collecting the games." From that, she was able to count the number of games that they took and which games they selected. She then took those games to the service desk and generated a training receipt, which was admitted into evidence at trial, identifying the games and their prices on the date of the shoplifting. This evidence was sufficient to show that the value of the items taken exceeded $500.[4] See *Bell v. State*, 262 Ga. App. 788, 789 (586 SE2d 455) (2003) (evidence was sufficient to sustain felony shoplifting conviction where store's security agent testified he saw and recorded items' retail prices). Accordingly, this enumeration is without merit.

3. In his final enumeration of error, Turner asserts a claim of ineffective assistance on the grounds that his trial counsel failed to contest the evidence of value as to the items allegedly stolen in Count I and that, but for this failure, he would have prevailed as to Count I. However, for the reasons stated in Division 2, Turner cannot

---

[4] We also note that, even if the State had failed to prove the value of the video games in Count I, it would not have entitled Turner to an acquittal, but would have gone instead merely to the issue of punishment. See *Kowalczk v. State*, 195 Ga. App. 714, 715 (2) (394 SE2d 594) (1990).

9

establish that contesting the value of the items in Count I would have changed the outcome of the proceedings. And the failure to make a meritless objection does not provide a basis upon which to find ineffective assistance of counsel. See *Cuyler v. State*, 344 Ga. App. 532, 541 (3) (a) (__ SE2d __) (2018).

Moreover, at the new trial hearing counsel testified that, in his experience, contesting the value of the video games would have irritated the jury for "wasting their time[.]" He also believed it would be harmful to his defense theory that Turner did not participate in any shoplifting and was merely present. Absent evidence to the contrary, counsel's trial "decisions are presumed to be strategic and thus insufficient to support an ineffective assistance of counsel claim." (Citation and punctuation omitted.) *Green v. State*, 302 Ga. 816, 819 (2) (b) (809 SE2d 738) (2018). Accordingly, this enumeration of error provides no basis for reversal.

*Judgment affirmed. Barnes, P. J., and Reese, J., concur.*